UNITED STATES of America,
Plaintiff-Appellee,

v.

Fred E. JORDAN, Defendant-Appellant.

No. 73–1638.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 21, 1974.

Decided Jan. 6, 1975.
Rehearing and Rehearing En Banc
Denied March 26, 1975.

Fred E. Jordan, pro se.

James R. Thompson, U. S. Atty., Gary L. Starkman and James I. Marcus, Asst. U. S. Attys., Chicago, Ill., for plaintiff-appellee.

Before PELL, Circuit Judge, CAMPBELL, Senior District Judge,* and GRANT, Senior District Judge.**

CAMPBELL, Senior District Judge.

Defendant Fred E. Jordan was charged in a four count information with failure to file an income tax return for the years 1966, 1967, 1968 and 1969, in violation of 26 U.S.C. § 7203. Following a jury trial, defendant was found guilty as charged in each count of the information. He thereafter received a sentence of one year on Count I, and sentences of one month on each of Counts II, III and IV, said sentences to run consecutively for a total of fifteen months. We affirm.

§ 7203 provides that "[a]ny person required . . . to make a return . . . ., who willfully fails to . . . make such return, . . . shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000.00, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

During the years 1966 through 1969, defendant derived his income from the operation of C & L Service Co., of which he was the sole owner. In 1964, according to defendant's testimony, he was required by the Internal Revenue Service to undergo an audit of his 1963 return. Defendant testified that the agent who conducted the audit indicated that future returns would also be audited. Thereafter, and through at least 1969, defendant filed annual "returns" with the I.R.S. containing only his name, address and Social Security Number and asserting his refusal to "answer the above questions on the grounds of the Fifth Amendment . . .".

The various arguments raised by defendant on appeal may be summarized as follows:

(1) That the forms filed with the I.R.S. by the defendant satisfied the filing requirements of 26 U.S.C. § 6011, and accordingly the defendant may not be prosecuted pursuant to § 7203 for the misdemeanor offense of willfully failing to make a return.

(2) That once defendant had asserted his Fifth Amendment right against self-incrimination, he could not be prosecuted under § 7203 without first being afforded a judicial determination respecting the validity of his Fifth Amendment plea.

(3) That defendant was entitled to be charged by indictment.

(4) That the court erred in refusing to allow defendant to be represented by one Jerome Daly, a disbarred attorney.

(5) That the court erred in refusing to instruct the jurors that they were to judge the law, as well as the facts, of the case.

Defendant's first contention, that the "returns" which he filed were sufficient to satisfy the filing requirements of § 6011, must be rejected. As the Tenth Circuit stated in United States v. Porth, 426 F.2d 519 (1970):

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

** Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

"A taxpayer's return which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code or the regulations adopted by the Commissioner." 426 F.2d at 523.

■ In filing I.R.S. forms 1040 containing only the defendant's name, address, Social Security Number and a blanket declaration regarding his Fifth Amendment privilege, defendant failed to file a return as required by law. See United States v. Daly, 481 F.2d 28 (8th Cir., 1973), and cases cited by the *Porth* court at 426 F.2d 523.

Defendant further argues that his "returns" were never rejected by the Internal Revenue Service as unsatisfactory, and that the I.R.S. did not attempt to summon him for the purpose of conducting an administrative hearing regarding his Fifth Amendment claim. Defendant contends that such action by the I.R.S. is a necessary prerequisite to prosecution for willful failure to file a return, and that since the I.R.S. failed to satisfy this prerequisite, defendant's conviction should be overturned.

■ First of all, the evidence disclosed that in June of 1965, after defendant had filed his 1964 "return", the Internal Revenue Service sent defendant a letter indicating that his return could not be processed since it showed no taxable income. Later in 1965, the I.R.S. sent a second letter to defendant requesting a conference with the taxpayer. Although defendant apparently received this letter, he did not respond. Again, in March of 1966, defendant was sent a certified letter requesting that he contact the Internal Revenue Service to discuss and resolve this matter. Although the letter was properly addressed and mailed, it was never claimed by the addressee. This evidence clearly disputes defendant's contention that the Service did not attempt to summon him and did not object to his purported claim of a Fifth Amendment privilege against disclosure of his taxable income.

■ More fundamentally, defendant never validly asserted his Fifth Amendment privilege. In this respect, United States v. Daly, 481 F.2d 28 (8th Cir. 1973) is instructive. Faced with a similar contention, the court held as follows:

"Defendant's second contention involves the scope of his Fifth Amendment protection against self-incrimination. . . . The chief error in defendant's position is his blanket refusal to answer any questions on the returns relating to his income or expenses for the years in question. '[E]ven [if a particular] question was incriminating, since the government has a substantial interest in its tax revenues, appellant's privilege would relate only to his refusal to respond to the question, not to a total failure to file the return.' United States v. Egan [459 F.2nd 997, 998 (2nd Cir. 1972)]. As previously suggested, defendant's conduct in this case amounts to 'a total failure to file.' . . . In an analogous situation involving the same defendant's 'blanket Fifth Amendment objection to an inquiry and interrogation by the Internal Revenue Service' this court held 'that the taxpayer, cannot assert the privilege to every question asked by the examiner, most of which are innocuous on their face.' . . .". 481 F.2d at 30.

Since defendant failed to assert a valid Fifth Amendment claim on the forms filed with the Internal Revenue Service, and since those forms did not constitute valid returns, defendant's assertion that he could not be prosecuted under 26 U.S.C. § 7203 without first being given a hearing regarding his purported Fifth Amendment claim is without merit.

Defendant next contends that the district court erred in denying defendant's motion to dismiss the information on the ground that the government had not proceeded by indictment. The Fifth Amendment of the United States Constitution states, in pertinent part, that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of

a Grand Jury, . . .". 26 U.S.C. § 7203 provides that the willful failure to file a return is "a misdemeanor" and is punishable by imprisonment for a term not exceeding one year. Consistent with numerous decisions defining "infamous crime," Rule 7(a) of the Federal Rules of Criminal Procedure provides that:

"[a]n offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information. Any other offense may be prosecuted by indictment or by information."

■ Since the offense with which defendant was charged is not punishable by a sentence of imprisonment in excess of one year, the defendant did not have a constitutional right to be prosecuted by indictment. The fact that the defendant received consecutive sentences totalling fifteen months imprisonment does not convert the offenses with which defendant was charged into "infamous" crimes for purposes of the Fifth Amendment. Accordingly, the district court properly denied defendant's motion to dismiss the information.

Defendant further argues that the district court erred in not allowing one Jerome Daly to cross examine witnesses at trial and to address the jury. Daly was formerly an attorney, but some time prior to defendant's trial, he was disbarred by the State of Minnesota. Nevertheless, Judge Austin allowed Daly to sit at defendant's table, to advise him and to address the court regarding matters of law. When this matter first came before the district court, Judge Austin instructed the defendant that if he could not afford a lawyer, the court would appoint the Federal Defender to represent him. Apparently, Jordan subsequently conferred with a staff attorney in the Federal Defender's Office and was told that his purported constitutional argu-

ments were without merit. After the defendant had rejected representation by the Federal Defender's Office, the district judge promised to appoint counsel of Jordan's choosing, provided that the lawyer had been admitted to practice in some state. The defendant insisted that Daly represent him, and this request was properly refused by the district court. Thereafter, the defendant proceeded to trial, *pro se,* with Daly's assistance.

■ Under these circumstances, Jordan clearly waived his right to be represented by counsel. The district court is not obligated to appoint counsel of defendant's choice where the chosen attorney is not admitted to practice. The record indicates that Judge Austin made every effort to accommodate the defendant by offering to appoint any licensed attorney of defendant's choosing, but defendant failed to nominate a duly licensed attorney. Under these circumstances, defendant waived his right to counsel.

■ Finally, defendant contends that the court erred in refusing to instruct the jury that they were to judge both the law and the facts in the case. Since it is the judge's role, not the jury's, to determine issues of law, this proposed instruction was properly refused.

For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed.