**UNITED STATES of America,**
**Plaintiff,**

v.

**Edward Marvin CORRIGAN,**
**Defendant.**

**Crim. No. 75–CR–30.**

United States District Court,
D. Wyoming.

Sept. 17, 1975.

Clarence A. Brimmer, U. S. Atty., D. Wyo., Frederic C. Reed, Tosh Suyematsu, Asst. U. S. Attys., D. Wyo., Cheyenne, Wyo., for plaintiff.

Edward M. Corrigan, pro se.

James R. McCarty, Casper, Wyo., for defendant.

## MEMORANDUM OPINION AND ORDER

SHERMAN G. FINESILVER, District Judge, Sitting by Designation.

This matter comes before the Court on Defendant's Motion for Judgment of Acquittal, or in the alternative, for a New Trial. Trial of this matter was held on August 7, 1975, in Cheyenne, Wyoming, after which the jury returned a verdict of guilty against defendant on a one-count indictment of violation of 18 U.S.C. § 111, resisting or assaulting federal Internal Revenue Service agents while in the performance of their official duties. Defendant now moves to set aside this verdict or for a new trial.

After consideration of the various points raised by defendant and the memoranda filed by both parties in regard to this motion, we conclude that the motion should be denied.

### I. MOTION FOR JUDGMENT OF ACQUITTAL

■ Defendant advances several grounds in support of his motion for judgment of acquittal. Defendant's primary argument is that the evidence presented at trial does not support his conviction but rather establishes that he was, in fact, assaulted by the Internal Revenue agents and acted thereafter only in self-defense. Defendant further argues that his arrest was unlawful because he was not shown the official identification of the agents, was arrested at night, and was not shown the arrest warrant at the time.

We conclude that the evidence presented at trial fully supports defendant's conviction. The evidence was such that the jury could conclude that defendant was acquainted with Mr. Vickers of the Internal Revenue Service, had seen his identification on previous occasions, was informed that he was under arrest at the time in question, and was shown the arrest warrant fifteen to twenty minutes after his arrest. The circum-

stances surrounding petitioner's arrest demonstrate a lawful arrest; petitioner has cited no authority to support his claim of unlawful arrest. *See* Rule 4, Fed.R.Crim.P.

Further, defendant was allowed to present testimony regarding his claim of self-defense and assault against him by the officers. There was conflicting testimony on this point from which the jury was entitled to draw its conclusions as to the facts. Defendant was permitted to present all facets of his version of the facts; it is within the province of the jury to determine the credibility of the witnesses. We conclude that the evidence fully supports the jury's finding of guilty of the offense charged.[1]

For these reasons, we conclude that defendant's motion for judgment of acquittal based on the evidence presented at trial must be denied.

## II. MOTION FOR A NEW TRIAL

Defendant also alleges several grounds in support of his motion for a new trial, some of which were presented and ruled on at trial by way of motions.

 Initially, we dispose of defendant's argument that the trial was illegally held in Cheyenne, Wyoming instead of Casper, Wyoming and thus defendant was prejudiced through inability to bring witnesses to Cheyenne. This argument is without merit. The Court, in its administration, is responsible for establishing the place of trial; the defendant does not have the right to choose a division within the district of the alleged crime in which to be tried. *See* Rule 18, Fed.R.Crim.P. Defendant never demonstrated any persuasive reason as to why the trial should be held in Casper. The Court was well within its discretion in scheduling the trial in Cheyenne.

We note further that defendant had full opportunity to avail himself of the power of the court in order to subpoena any necessary witnesses. He presented several witnesses during the trial and at no time during the trial did he indicate to the court that he was unable to secure any necessary witnesses. This argument cannot serve as a basis for the granting of a new trial.

The other grounds urged by defendant in support of his motion for a new trial were brought to the attention of the court prior to trial as motions made by defendant. Initially defendant moved for this judge to disqualify himself on the ground that this judge is a defendant in a civil action brought by plaintiff and several other persons against virtually all federal judges in the country. Defendant further moved that he be allowed to have a lay person represent him during the trial, stating that he did not want to be represented by a licensed attorney. The court at that time denied both motions and explained the bases for the denials. These rulings are expanded on herein. The issues are treated separately for clarity.

### A. *Disqualification of Judge*

Prior to trial, defendant made an oral motion for this judge to disqualify himself from hearing this matter. The motion was based primarily on the ground that this judge is named as a defendant in a suit filed by defendant and others against virtually every federal judge in the United States, among others. *Rev. Dr. John Joseph Afflerbach et al., v. American Bar Association et al.,* 401 F. Supp. 108 (D.Wyo., filed July 22, 1975).[2]

 The court denied and reaffirms its denial of defendant's motion for two principal reasons:

1) The procedure for moving to disqualify a judge from hearing a matter

---

1. We note that Agent Vickers was acquitted of the charge of assault against Mr. Corrigan in connection with the events in question here in Federal Magistrates' Court in Cheyenne on April 8, 1974 (No. CR74–23).

2. We note that this judge was not served with process in the civil suit until the morning of trial of this action.

because of personal bias or partiality is set forth in 28 U.S.C. § 144. This statute requires that a party who believes that a judge has a personal bias or prejudice against him shall file a timely and sufficient affidavit with the judge stating the facts and reasons for his belief. The statutory requirement was not followed in this case; no affidavit was ever filed and no showing of personal bias or prejudice sufficient to require disqualification was made. *See e. g. U. S. v. Corrigan*, No. 74–1539 (10th Cir. July 28, 1975—unpublished opinion); *Antonello v. Wunsch*, 500 F.2d 1260 (10th Cir. 1974); *Calveresi v. United States*, 216 F.2d 891 (10th Cir. 1954); Annot., *Form and Requirements of Certificate and Affidavit of Disqualification of Trial Judge Under 28 U.S.C. § 144*, 23 A.L.R.Fed. 637 (1975). *See* Note, *Disqualification of Judges for Bias in the Federal Courts*, 79 Harv.L. Rev. 1435 (1966).

■ 2) Another statute, 28 U.S.C. § 455, provides that a judge shall disqualify himself in any case in which he has a substantial interest or his impartiality might be questioned. Ordinarily when a judge is named as a defendant in a suit brought by a defendant before him in trial, such judge should automatically disqualify himself.

However, necessity may obviate this rule when virtually no judge would be available to hear the suit because all federal judges are co-defendants. *See Butler and Daly v. The ABA, et al.*, No. 75–C–72 (N.D.Ill., order entered by Judge Frank McGarr on Jan. 9, 1975); *Evans v. Gore*, 253 U.S. 245, 40 S.Ct. 550, 64 L.Ed. 887 (1920); *Brinkley v. Hassig*, 83 F.2d 351 (10th Cir. 1936). In this situation, if we were to disqualify ourself from hearing the matter on

the ground urged by defendant, there would be few, if any, federal judges who could hear the trial and none in this circuit. Thus, we conclude that the necessity for the case to be heard by a federal judge militates strongly against disqualification of this judge.

■ In addition, we note that the mere filing of a complaint against a judge is not sufficient to require disqualification of that judge from another case. To rule otherwise would allow a defendant to thwart the judicial process by simply filing an action against any judge assigned to hear a trial whom he did not wish to hear the matter. *See Bonner v. Circuit Court of the City of St. Louis, et al.*, 74–811(C)(4) (E.D.Mo., order and memorandum entered by Judge John F. Nangle, Feb. 13, 1975). We conclude that defendant did not demonstrate partiality on the part of this judge by virtue of the filing of a civil suit such as to call for disqualification of this judge from hearing this trial.[3]

In sum, defendant has not put forward any legally sufficient basis to support disqualification of this judge in this matter. The failure of the judge to disqualify himself was not error and does not require a new trial.

## B. *Representation of Defendant*

Until approximately two days before trial, defendant was represented by James R. McCarty, a licensed attorney from Casper, Wyoming. However, two days prior to trial, defendant informed Mr. McCarty that he no longer wished his services and did not desire Mr. McCarty to represent him at trial.

At the commencement of trial, defendant moved this court to allow defendant to be represented by Mr. Jerome Daly. Mr. Daly is a disbarred attorney [4] from

---

3. We note that the civil action filed by defendant and others against the majority of federal judges and other state and federal officials, *Afflerbach et al. v. ABA et al.*, 401 F.Supp. 108 (D.Wyo.) was dismissed as to all defendants except himself by Judge Ewing Kerr of the District of Wyoming by or-

der of August 14, 1975. The complaint was dismissed on a finding that it was designed to disrupt the administration of the courts and to harass parties involved.

4. *See In Re Daly*, 291 Minn. 488, 189 N.W. 2d 176 (1971); *see also U. S. v. Daly*, 481 F.2d 28 (8th Cir. 1973).

Minnesota who has participated in several civil actions against the ABA and various federal and state officials throughout the country. At trial, we denied this motion of defendant and explained to him that he had two alternatives: (a) he could be represented by a licensed attorney such as Mr. McCarty (or could have an attorney appointed if indigency was established) or (b) he could represent himself if he made a knowing and intelligent decision to do so and knowingly and intelligently waived representation by counsel. Defendant chose to represent himself after having an opportunity to speak privately with both Mr. McCarty and Mr. Daly.

■ The Sixth Amendment to the United States Constitution guarantees to all persons accused of criminal activity the right "to have the Assistance of Counsel for [their] defense." However, the Sixth Amendment does not allow a state or federal court to force a defendant to accept the services of an attorney. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); see 28 U.S.C. § 1654. The Sixth Amendment grants an accused the personal right to present his own defense so long as he knowingly and intelligently waives his right to assistance of counsel, being fully cognizant of the possible consequences of such a waiver. *Faretta, supra; Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *U. S. v. Dujanovic,* 486 F.2d 182 (9th Cir. 1973). Thus, the right of defendant to represent himself in this matter is clear.

However, in considering a defendant's request to proceed *pro se,* the court must be careful to ensure that a defendant's decision to waive his constitutional right to assistance of competent counsel is knowingly and intelligently made with full realization of the potential consequences. In this regard, we afforded Mr. Corrigan the opportunity to confer

with Mr. McCarty and Mr. Daly before making his decision. We questioned him thoroughly as to his understanding of the charges against him and the potential penalties involved, the realization of the possible consequences of self-representation, the fact that Mr. McCarty had provided excellent representation for him in the past, and his mental capacity to make the decision.

After careful consideration of defendant's statements and reasons for his decision, we concluded that defendant was fully capable of considering the question of self-representation and that his decision was made freely and voluntarily with full realization of its possible consequences. Therefore, defendant was allowed to represent himself with the opportunity of consulting with Mr. McCarty or Mr. Daly during the trial though neither of these gentlemen sat at counsel table with the defendant.[5]

Defendant argues that his Sixth Amendment right to assistance of counsel also grants him the right to have any "counsel" represent him during the trial, including lay friends or disbarred attorneys. Defendant points out that the Constitution does not limit "counsel" to licensed attorneys.

■ Our reading of the Constitution and case authorities indicates that the "right to counsel" does not include the right to be represented by any lay person at trial. *U. S. v. Jordan,* 508 F.2d 750 (7th Cir. 1975); *U. S. v. Cooper,* 493 F.2d 473 (5th Cir. 1974); *Lepiscopo v. U. S.,* 469 F.2d 650 (5th Cir. 1972); *Guajardo v. Luna,* 432 F.2d 1324 (5th Cir. 1970). *See U. S. v. Corrigan, supra.* Rather, an accused may be represented by competent, licensed counsel or may represent himself. Such a conclusion can also be inferred from cases which have emphasized the importance of the right to counsel and have interpreted said right to mean the right to

---

5. We note that Mr. Corrigan was extremely articulate throughout the trial both in the presentation of testimony and cross-examination of witnesses. His knowledge of trial procedure was commendable.

effective and competent counsel. *See Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963).

■ Thus we conclude that defendant was not constitutionally entitled to have Mr. Daly represent him at trial, and the court did not err in denying him this opportunity. While we declined to allow Mr. Daly to sit at counsel table with the defendant, Mr. Daly was permitted to be present in the courtroom throughout the trial. Defendant did, in fact, confer with Mr. Daly at several points during the trial.[6] In this manner, we believe defendant's desires, as well as his constitutional rights, were adequately protected throughout trial of this matter.

■ It is within the discretion of the court to appoint an attorney to "stand by" or be in the courtroom to assist a *pro se* defendant should the need arise. This attorney may also assume the defense should defendant become disruptive or disorderly or should his self-representation present considerable problems to the orderly progression of the trial. The court is aware of its obligation to provide a fair trial conducted in a judicious, orderly fashion to both the accused and the Government. *See Faretta, supra,* 95 S.Ct. fn. 46 at 2541; *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Dujanovic, supra; U. S. v. Theriault,* 474 F.2d 359 (5th Cir. 1973); *U. S. v. Dougherty,* 154 U.S.App.D.C. 76, 473 F.2d 1113 (1972).

Thus, we ordered Mr. McCarty to sit in the row of counsel chairs near counsel table throughout the trial in order to assist defendant if the occasion arose.

Defendant was encouraged to consult Mr. McCarty at any time, particularly in regard to the instructions, several of which had been prepared by Mr. McCarty.

For the above reasons, we conclude that defendant was not denied any constitutional rights by our refusal to allow Mr. Daly to be an active participant in defendant's trial. We believe that defendant's rights and interests were fully protected throughout the trial after his voluntary decision to proceed *pro se.*

### C. *Instructions*

Further, we note that we believe the totality of the instructions given in this case are amply supported by legal authorities, most notably *U. S. v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), a case involving violation of 18 U.S.C. § 111.

■ Defendant specifically objected to the court's instruction that the jury was to follow the court's instructions as to the law to be applied to the facts. Defendant argues that the jury should determine the law as well as the facts. The instruction given reflects the well-established principle in our jurisprudence system that the court determines the law and the legal issues while the jury determines the factual matters to which the law applies. *See e. g., Sparf and Hansen v. U. S.,* 156 U.S. 51, 15 S. Ct. 273, 39 L.Ed. 343 (1895); *United States v. Jordan, supra.* Therefore we conclude that the instruction given was proper.

### III. ORDER

For the totality of the reasons discussed above, we conclude that defend-

---

**6.** It should be noted also that throughout the trial Mr. Daly was seated in the first row of spectator seats in the courtroom. Mr. Daly was called as an "expert witness" by defendant in the area of legal sufficiency of service of process of arrest warrants. Mr. Daly's testimony was taken outside the presence of the jury. The Government's objections to this testimony were sustained.

In *U. S. v. Jordan, supra,* a case involving criminal failure to file an income tax return, the Circuit Court affirmed the trial court's refusal to allow Mr. Daly to cross examine witnesses at trial and address the jury. That case also held that the trial court is not obligated to appoint an attorney who is not admitted to practice.

ant has failed to show a basis for his motion for acquittal or for a new trial. We are of the opinion that defendant was afforded a full opportunity to present his case at trial and that he was granted a fair trial in all respects.

Accordingly, it is hereby ordered that Defendant's Motion for Judgment of Acquittal, or in the alternative, for a New Trial is denied.