WILLIAM SCHWAB, et al., Plaintiffs-Appellants, *v.* GEORGE R. ARIYOSHI, et al., Defendants-Appellees, and WILLIAM S. RICHARDSON, et al., Defendants

NO. 6179

NOVEMBER 3, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* This appeal requires us to determine the validity and effectiveness of Act 58 of the Eighth State Legislature, Regular Session of 1975, which was signed by the Governor on May 7, 1975 and provided by its terms that it would become effective on July 1, 1975. Act 58 amended various sections of the Hawaii Revised Statutes relating to the salaries of state officers and employees, including Section 602-2, which fixes the salaries of the members of this court, and Section 603-5, which fixes the salaries of circuit court judges. All of the members of this court and of the circuit courts, together with district judges, other judicial officers and employees and state officers and employees, are defendants in these proceedings. The complaint alleges that Act 58 was not validly enacted and seeks to permanently enjoin the making pursuant to Act 58 of payments of salary to the defendants and to require them to repay all amounts paid to them pursuant to Act 58. The members of this court and Judge Kawakami, Second Judge of the First Circuit Court, did not answer or otherwise file a responsive pleading. The remaining defendants answered and moved for summary

judgment, which was granted by Judge Kawakami. The complaint was thereafter dismissed as to the non-answering defendants, on their motion. The plaintiffs appealed and now move to disqualify all members of this court and to advance the case on the calendar of the court.

Consideration of these motions has been deferred pending the completion of briefing of the appeal. An opening brief has been filed, and an answering brief has been filed by all defendants other than the members of this court and Judge Kawakami. The period for filing a reply brief has expired without such filing. We have considered the motions upon the memoranda filed in support and in opposition thereto.

The motion to disqualify all of the members of this court is founded on HRS § 601-7(a), which reads:

§601-7 *Disqualification of judge; relationship, pecuniary interest, previous judgment, bias or prejudice.* (a) No person shall sit as a judge in any case in which his relative by affinity or consanguinity within the third degree is counsel, or interested either as a plaintiff or defendant, or in the issue of which the judge has, either directly or through such relative, any pecuniary interest; nor shall any person sit as a judge in any case in which he has been of counsel or on an appeal from any decision or judgment rendered by him.

Each of the members of this court has a direct pecuniary interest in the outcome of this case, since Act 58 fixes the salaries received by them subsequent to July 1, 1975 and to be received by them in the future, at rates in excess of those which would be applicable if Act 58 were held to be invalid and ineffective. All of the judges of the circuit courts have the same pecuniary interest. In the event of disqualification of any member of this court, the statutory provision is as follows:

§602-11 *Full court; substitute justices.* Parties shall be entitled to a hearing before a full court. In case of a vacancy, or if a justice of the supreme court is disqualified from sitting in any case pending before the supreme court, or is unable to attend, the vacancy or the place of

such justice may be temporarily filled by a circuit judge designated by the chief justice or by the appointment of a justice who has retired from the supreme court. Such retired justice chosen to serve as substitute justice shall not be actively engaged in the practice of law. nor have attained the age of seventy years. A retired justice, when sitting as substitute justice, shall be compensated at a rate of pay of associate justices of the supreme court. When necessary, the court may consist of five circuit judges, so designated or five retired justices so appointed or any combination of circuit judges and retired justices.

The movants recognize that appointment of circuit court judges to sit as substitutes in place of the members of this court would not provide a disinterested court, since all circuit judges are directly pecuniarily interested in the outcome of the appeal for the same reason as are the members of this court. Movants suggest that substitutes be designated from among the retired justices of this court, as authorized by HRS § 602-11. However, no retired justice may be so designated who is actively engaged in the practice of law or has attained the age of seventy years. We are aware that there is no retired justice who is eligible to serve as a substitute justice pursuant to HRS § 602-11. In any event, since a retired justice, when sitting as substitute justice, is to be compensated at the rate of pay of associate justices of this court and such rate of pay depends upon the validity of Act 58 a retired justice would be subject to the same disqualification for pecuniary interest as a member of this court. There is no way by which this court can be constituted so as to remove the pecuniary interest and no other appellate tribunal to which this appeal can be taken.

HRS § 601-7(a) was enacted by Act 57 of the first special session of the First State Legislature. in 1959, to incorporate into the state statutes the substance of Section 84 of the Organic Act. The legislative history of HRS § 601-7(a) discloses no consideration by the legislature of the present problem. However, the legal principle was then well established that "disqualification will not be permitted to destroy the only tribunal with power in the premises". *Brinkley v. Hassig*, 83

F.2d 351, 357 (10th Cir. 1936). This "rule of necessity" requires a judge to participate in a decision, notwithstanding his personal interest, if the case cannot be heard otherwise[1] and has been applied consistently by federal and state courts.[2]

In *Evans v. Gore*, 253 U.S. 245 (1920), the question before the court was whether the salary of a federal judge was subject to taxation under federal taxing statutes. Each of the members of the United States Supreme Court was directly pecuniarily interested in the outcome of the case, since the taxability of his own salary was involved. The court said:

> Because of the individual relation of the members of this court to the question, thus broadly stated, we cannot but regret that its solution falls to us; and this although each member has been paying the tax in respect of his salary voluntarily and in regular course. But jurisdiction of the present case cannot be declined or renounced. The plaintiff was entitled by law to invoke our decision on the question as respects his own compensation, in which no other judge can have any direct personal interest; and there was no other appellate tribunal to which under the law he could go. . . . 253 U.S. at 247-48.

The rule of necessity has been applied by state courts, without any exception of which we are aware, to require judges to sit on matters involving their own salaries. *McCoy v. Handlin*, 153 N.W. 361 (S.D. 1915); *State ex rel. Gardner v. Holm*, 62 N.W.2d 52 (Minn. 1954); *Higer v. Hansen*, 170 P.2d 411 (Idaho 1946); *Gordy v. Dennis*, 5 A.2d 69 (Md. 1939). In *Wheeler v. Board of Trustees*, 37 S.E.2d 322 (Ga. 1946), the validity of a new state constitution was in question. The new constitution, among other things, raised the salaries of the

---

[1] Frank, "Disqualification of Judges", 56 Yale L.J. 605 (1947).

[2] Evans v. Gore, 253 U.S. 245 (1920); Miles v. Graham, 268 U.S. 501 (1925); O'Malley v. Woodrough, 307 U.S. 277 (1939); Brinkley v. Hassig, 83 F.2d 351 (10th Cir. 1936); United States v. Corrigan, 401 F.Supp. 795 (D. Wyo. 1975); Turner v. American Bar Ass'n, 407 F.Supp. 451 (N.D. Tex. 1975). Annot., "Necessity as justifying action by judicial or administrative officer otherwise disqualified to act in a particular case", 39 A.L.R. 1476 (1925); Davis, Administrative Law Treatise, Sec. 12.04 (1958).

justices of the supreme court and of the judges of the superior court. Constitutional and statutory provisions disqualified any judge or justice from sitting in any cause in which he was pecuniarily interested and provided for replacement of disqualified supreme court justices only by designation of superior court judges. In holding that the justices of the supreme court were obliged to decide the case, although disqualified, the court said:

> The precise question we must now determine is, when all Justices of this court are disqualified, and all superior court judges are likewise disqualified, thereby resulting in a situation where no qualified court can be constituted, what shall be done? The rule is laid down in 30 Am. Jur. 770, § 55; "By the great weight of authority, the rule of disqualification must yield to the demands of necessity, and a judge or an officer exercising judicial functions may act in a proceeding wherein he is disqualified by interest, relationship, or the like, if his jurisdiction is exclusive, and there is no legal provision for calling in a substitute, so that his refusal to act would destroy the only tribunal in which relief could be had and thus prevent a determination of the proceeding. Under such circumstances, it is the duty of the disqualified judge to hear and decide the controversy, however disagreeable it may be." (37 S.E.2d at 325-26).

We have recognized the rule of necessity in administrative proceedings governed by HRS § 234-3,[3] which provides for disqualification of a member of the Natural Disaster Claims Commission for pecuniary interest. In *Yamada v. Natural Disaster Claims Commission*, 54 Haw. 621 (1973), we held that commissioners with interests affected by their decision had properly participated despite the apparent prohibi-

---

[3] The applicable portion of HRS § 234-3 states:

No person shall sit as a member of a commission for a particular disaster in which he has any interest, directly or indirectly, in any type of claim, or who is related to any claimant by affinity or consanguinity within the third degree, or who is employed by, is an agent of, or is connected in business with any one or more of the claimants.

tion of HRS § 234-3, saying: "Under the doctrine of necessity, an administrative officer exercising a quasi-judicial function can act in a proceeding, when he would otherwise be disqualified, if jurisdiction is exclusive and no provision exists for substitution." (54 Haw. at 628).

To give HRS § 601-7(a) the effect of disqualifying every member of the judiciary of Hawaii from hearing the present appeal would be to attribute to the legislature the intent to deny any remedy to the present appellants. It has uniformly been held that the rule of necessity prevails over the policy of disqualification for interest, whether or not that policy has been embodied in a statute.[4] We read HRS § 601-7(a) in pari materia with HRS § 602-11 and as inapplicable where the latter section provides no means of replacing a justice of this court who would otherwise be disqualified to hear an appeal. We thus do not reach the question whether HRS § 601-7(a) could be effective to deprive this court of its appellate jurisdiction under Article V, Section 1 of the state constitution. We hold that the rule of necessity requires that the members of this court hear and determine this appeal.

What we have said also disposes of any question of impropriety which might be seen under the Canons of Judicial

---

[4] The question whether the current federal statute on judicial disqualification is subject to the preexisting rule of necessity has recently been impliedly answered in the affirmative by the United States Supreme Court.

In *Atkins, et al. v. United States and Bechtle, et al. v. United States*, pending in the United States Court of Claims as No. 41-76 and No. 132-76, respectively, 82 United States Circuit and District Judges are seeking to recover damages for the alleged unconstitutional reduction of their salaries resulting from the failure to adjust their salaries to compensate for inflation. The federal statute, as amended in 1974 (28 U.S.C. Sec. 455), provides that a justice or judge "shall disqualify himself . . . [when] he . . . has a financial interest in the subject matter in controversy . . . or any other interest that could be substantially affected by the outcome of the proceeding". Because their situation is identical with that of the plaintiffs, the judges of the Court of Claims would be required by the statute to disqualify themselves were it not for the fact that all members of the federal judiciary are similarly disqualified. The judges of the Court of Claims certified to the United States Supreme Court the question whether the doctrine of necessity authorizes and requires them to hear and decide these cases notwithstanding the provisions of the statute. The Supreme Court dismissed the certified question (No. 75-1728, June 21, 1976, 44 L.W. 3737). The matter is currently under advisement by the Court of Claims.

354

Ethics or other standards of judicial conduct. While we regret that we are placed in a position where our actions are so readily subject to suspicion and question, it is unavoidably incumbent on us to accept this responsibility.

The motion to disqualify the members of this court is denied. In response to the motion to advance the case on the calendar, the case will be assigned for argument at an early date.

*Edward C. Kemper (Kemper & Watts* of counsel) for appellants.

*Nobuki Kamida,* Deputy Attorney General (*Ronald Y. Amemiya,* Attorney General, of counsel) for appellees.