Marvin D. MILLER, Plaintiff,

v.

**UNITED STATES of America, and James D. Hallman, Director of Internal Revenue Service Center, Southeast Region, Defendants.**

Civ. A. No. S83–365.

United States District Court,
N.D. Indiana,
South Bend Division.

Jan. 20, 1984.

Marvin D. Miller, pro se.

Don Moroz, Asst. U.S. Atty., for South Bend, Ind., Lawrence Steele, U.S. Atty., for defendants.

## MEMORANDUM and ORDER

ALLEN SHARP, Chief Judge.

This case is presently before the Court on the motion to dismiss of defendants, United States of America and James D. Hallman,[1] Director of Internal Revenue Service Center, Southeast Region (the Government). The Internal Revenue Service (IRS) assessed a frivolous return penalty in the amount of $500 against the plaintiff, Marvin D. Miller. Plaintiff alleges that he has paid fifteen (15) percent of the penalty and is therefore entitled to challenge the assessment of the penalty in this Court pursuant to the provisions of I.R.C. § 6703.[2] For the reasons stated be-

---

1. As indicated by the Government in its memorandum, defendant, James D. Hallman, Director of Internal Revenue Service Center, Southeast Region, is not a proper party to this action. A civil action for tax refund may be maintained only against the United States and not any officer or employee of the United States. *See* I.R.C. 7422 (West Supp.1983) and 28 U.S.C.A. § 1346(a)(1) (West 1976).

2. I.R.C. § 6703 (West Supp.1983) reads in pertinent part:

    SEC. 6703 RULES APPLICABLE TO PENALTIES UNDER SECTIONS 6700, 6701 and 6702.

(c) *Extension of Period of Collection Where Person Pays 15 Percent of Penalty.—*

    (1) *In general.—*If, within 30 days after the day on which notice and demand of any penalty under section 6700, 6701, or 6702 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2). Notwithstanding the provisions of section 7421(a), the beginning of such proceeding or levy during the time such prohibi-

low, the Government's motion to dismiss is granted.

## I.

The plaintiff filed what purports to be an income tax return for the year 1982. The purported return contains no information regarding income, deductions, or tax owed, if any. Plaintiff provided only his name, address and occupation. He listed his filing status as married, filing a separate return and claimed four exemptions. All line items on the form contain either the word "NONE" or two asterisks. At the bottom of the page is typed a statement indicating that two asterisks "Means a specific objection is made under the 5th Amendment U.S. Constitution also it notes similar objections under 1, 4, 7, 8, 9, 10, 13, 14 & 16th Amendments." At the top of page one of the purported return, the plaintiff requested immunity before waiving his constitutional rights. On the right-hand margin of the 1040 Form the following words are typed: "I am also confused as to the meaning of Dollars. Whether Silver, Gold, Fiat and paper. What's legal?"

Based on the plaintiff's filing of this purported return, the IRS assessed a frivolous return penalty in the amount of $500 against the plaintiff under I.R.C. § 6702.[3] The plaintiff claims to have paid $75 of the penalty, and his complaint requests this Court to order a refund of the $75 on the grounds that the plaintiff claimed the Fifth Amendment privilege on his purported return in good faith.

Plaintiff filed this action on August 17, 1983. The Government filed its motion to dismiss the complaint for failure to state a claim upon which relief can be granted on October 20, 1983. This Court entered an order on October 31, 1983 directing the plaintiff (proceeding pro se in this action) to respond to the Government's motion by November 18, 1983. After having received an extension of time by this Court, plaintiff filed his response on December 16, 1983. Jurisdiction of this Court is predicated upon 28 U.S.C. § 1340 and § 1346(a)(1).

## II.

In an attempt to deter the filing of frivolous tax returns, Congress in 1982 added § 6702 to the Internal Revenue Code of 1954, providing for a $500 penalty against persons who file such returns or purported returns. This section was added to the Code by Section 326(a) of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.Law No. 97–248. The legislative history of TEFRA reveals that § 6702 is designed to deter taxpayers from filing returns or purported returns which contain insufficient information for determining the correctness of the taxpayer's self-assessment of tax, or which contain information which on its face indicates that the amount of tax shown on the return is substantially incorrect. *See,* S.Rep. No. 494, 97th Cong., 2d Sess. 277.

The Senate Report provides four examples of instances in which the § 6702 penalty applies. First, the penalty may be assessed when a purported return appears to be an IRS Form 1040, but contains "altered

---

tion is in force may be enjoined by a proceeding in the proper court.

**3.** I.R.C. § 6702 (West Supp.1983) states as follows:

SEC. 6702. FRIVOLOUS INCOME TAX RETURN.
(a) *Civil Penalty.*—If—
(1) any individual files what purports to be a return of tax imposed by subtitle A but which—
  (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
  (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and
(2) the conduct referred to in paragraph (1) is due to—
  (A) a position which is frivolous, or
  (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,
then such individual shall pay a penalty of $500.
(b) *Penalty in Addition to Other Penalties.*—The penalty imposed by subsection (2) shall be in addition to any other penalty provided by law.

or incorrect descriptions of line items or other provisions." Second, the penalty applies with respect to a return or purported return in which "many or all of the line items are not filled in, except for spurious constitutional objections." Third, a return or purported return which contains insufficient information by which to calculate the tax, or contains inconsistent information, or otherwise reveals a frivolous position or a desire to impede the tax laws is subject to the penalty. Finally, the § 6702 penalty can "be imposed against any individual filing a 'return' showing an incorrect tax due, or a reduced tax due, because of the individual's claim of a clearly unallowable deduction."

This case involves the type of purported tax return discussed in the Senate Report's second example, quoted above. The plaintiff's purported 1982 return is a return in which "many or all of the line items are not filled in, except for spurious constitutional objections."

The United States Court of Appeals for the Seventh Circuit recently reaffirmed its position that a taxpayer may not use the Fifth Amendment as a basis for refusing to provide any financial data on his federal income tax return in *United States v. Verkuilen*, 690 F.2d 648 (7th Cir.1982). In *Verkuilen*, the court held that the Fifth Amendment does not justify a refusal to provide any financial information on a tax return. *Id.* at 654. The court held that when the information provided on a purported return is so incomplete that tax liability cannot be computed, the filed document does not even constitute a tax return. *Id.* *See also United States v. Heise*, 709 F.2d 449 (6th Cir.1983); *United States v. Pilcher*, 672 F.2d 875, 877 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982); *United States v. Moore*, 627 F.2d 830, 833–34 (7th Cir.1980).

■ Moreover, to validly claim a Fifth Amendment objection, the taxpayer must make a "colorable showing" that he is involved in activities for which he could be criminally prosecuted. *Verkuilen, supra,* 690 F.2d at 654. The mere assertion of a Fifth Amendment privilege by a taxpayer, without some additional explanation as to how the income information might incriminate him or her, does not establish that the invocation of the Fifth Amendment was justified. *United States v. Jordan,* 508 F.2d 750, 752 (7th Cir.1975), *cert. denied,* 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62 (1975) *quoting United States v. Daly,* 481 F.2d 28, 30 (8th Cir.1973), *cert. denied,* 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973). *See also United States v. Karsky,* 610 F.2d 548, 550 n. 5 (8th Cir.1979), *cert. denied,* 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980).

■ In light of the Seventh Circuit's holdings in *Verkuilen* and *Jordan,* the plaintiff's purported return is, as a matter of law, frivolous for purposes of I.R.C. § 6702 since it asserts a position which has no basis in law, and it does not contain information from which the plaintiff's tax liability can be determined. The purported return contains only a blanket assertion of the Fifth Amendment privilege which, in effect, constitutes a refusal to file a return. Such unfounded assertions of a Fifth Amendment privilege on a purported tax return fall squarely within the statutory language of § 6702. Accordingly, this Court finds plaintiff's claim to be without merit and that his complaint fails to state a claim upon which relief can be granted. This case is DISMISSED. SO ORDERED.