Francis A. WILLHAUCK, Jr., et al., Plaintiffs,

v.

Paul HALPIN et al., Defendants.

Civ. A. No. 82–1850–G.

United States District Court, D. Massachusetts.

Dec. 12, 1984.

Robert C. Hahn, Hahn & Maykov, Boston, Mass., for plaintiffs.

Paul D. Maggioni, Town Counsel, Dedham, Mass., for Town of Milton, R. Galvin, Dietenhofer, Tapsel Alvin Belmonte, Town of Dedham.

Robert D. O'Leary, Quincy, Mass., for J. Moriarty, J. Rogers.

Dianne L. Solomon, Asst. Atty. Gen., Boston, Mass., for Huffam, Mills, M.D.C. Halpin, Perry, Callender.

### MEMORANDUM AND ORDER GRANTING THE TOWN OF MILTON'S MOTION TO DISMISS

GARRITY, District Judge.

Plaintiffs' civil rights action arises out of the July 2, 1979 arrest and alleged beating of Francis Willhauck, Jr. by police officers, and a January 9, 1980 incident at the Willhauck family residence in Milton.

The relevant facts as alleged in or reasonably inferred from plaintiffs' complaint are essentially as follows. After an automobile chase through Norfolk and Suffolk Counties and while in the process of being arrested, Willhauck, Jr. was struck with a revolver by a Metropolitan District Commission ("MDC") police officer. Other officers, including Officers Moriarty and Galvin from the Town of Milton, were on the scene at the time of the alleged attack and could have prevented it.

The chief of the Milton police was notified of the incident, yet failed to investigate it or take any disciplinary action regarding the Milton officers. On January 9, 1980, several months after his original arrest, MDC police officers and Officer Rogers from the Town of Milton arrived at the Willhauck residence to arrest Willhauck, Jr. on a default warrant. The officers attempted to execute the warrant at 3:30 A.M. and because of the hour they thereby upset the Willhauck's household. The warrant was never executed because Willhauck, Jr.'s lawyer was able to convince an MDC Night Commander that the warrant was issued by mistake.

On the basis of these allegations the Willhaucks assert three claims against the Town of Milton: (1) that the town inadequately trained or supervised its officers thereby causing Willhauck, Jr.'s physical injury; (2) that the town's failure to investigate Willhauck, Jr.'s allegations of police brutality violated his due process rights; and (3) that the town's practice of executing arrest warrants at night violated his Fourth Amendment right to be free from unreasonable search and seizure. After consideration of the arguments of the parties as set forth in their various memoranda, we find none of these claims to have merit and therefore grant the Town of Milton's motion to dismiss.

▉ Allegations of a single instance of police brutality do not support a claim of inadequate training or supervision on the part of a municipality unless the beating was "unusually brutal or egregious". *Turpin v. Mailet,* 2 Cir.1980, 619 F.2d 196, 202. While unnecessary violence in making an arrest is certainly not to be condoned, the facts as alleged in this case do not come close to meeting such a standard. Even if proved, the failure of the Milton officers to prevent a single unnecessary blow by a fellow officer is not so egregious as to permit an inference of gross negligence on the part of city officials. *Id.;* cf. *Fernandez v. Chardon,* 1 Cir.1982, 681 F.2d 42, 55–56.

▉ Willhauck, Jr.'s claim regarding denial of his due process rights by the town's alleged failure to investigate is equally without merit. He has stated no liberty or property interest which has been infringed upon by the Police Chief's failure to investigate his complaint. Indeed, the Supreme Court has recognized that even "a tendency to discourage the filing of civilian complaints and to minimize the consequences of police misconduct" would not be a sufficient basis for holding administrators liable absent a showing that such tendencies caused further misconduct. *Rizzo v. Goode,* 1976, 423 U.S. 362, 368–371, 96 S.Ct. 598, 602–04, 46 L.Ed.2d 561. Willhauck, Jr. does not and cannot contend that the alleged failure of the chief of the Milton police to investigate his complaint of police brutality in any way caused his physical injuries. He has not alleged sufficient facts to support a claim that there existed a municipal custom or policy of failing to investigate complaints of police brutality, much less a claim that any such custom or policy contributed to his injury.

▉ Finally, we find that the plaintiffs have not stated claim against the Town of Milton for the attempted nighttime arrest. Plaintiffs have not cited, nor has the court's research revealed, a single authority which would support the contention that nighttime arrests pursuant to a warrant are impermissible. On the contrary, it appears that nighttime arrests are permitted when made pursuant to a warrant, *United States v. Corrigan,* Wy.D.C. 1975, 401 F.Supp. 795, cf. *Dorman v. United States,* D.C.Cir.1970, 435 F.2d 385, 391 (en banc); or when justified by exigent circumstances. *United States v. Mapp,* 2 Cir.1973, 476 F.2d 67, 74. Therefore, the policy of the town permitting warranted nighttime arrests cannot be the basis of a claim against it.

Accordingly, the claims against the Town of Milton are hereby dismissed.