UNITED STATES of America,
Plaintiff-Appellee,

v.

Alton R. MOSS a/k/a John L. "Snoopy"
Freeman, Defendant-Appellant.

No. 78–1895.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1979.

Decided Aug. 16, 1979.

Rehearing and Rehearing En Banc
Denied Sept. 20, 1979.

Wm. Dee Morris, Missoula, Mont., on brief, for defendant-appellant.

Richard J. Nolan, Asst. U. S. Atty., Lincoln, Neb., for plaintiff-appellee; Edward G. Warin, U. S. Atty., Omaha, Neb., on brief.

Before HEANEY and STEPHENSON, Circuit Judges, and MARKEY,* Chief Judge, United States Court of Customs and Patent Appeals.

MARKEY, Chief Judge.

Appeal from a jury conviction before Chief Judge Urbom of the United States District Court for the District of Nebraska, on charges of aiding and abetting the willful filing of fraudulent withholding forms by others. We affirm.

## Background

Defendant-appellant Alton Moss, also known as John L. Freeman (Freeman), travels throughout the United States giving a speech in which he challenges the constitutionality of the federal income tax laws and describes how to avoid the federal withholding tax.

Defendants Vanosdall, Gronewold, Lilienthal, Spencer, and Sanne (principal defendants) are employees of Van's Electric Company (Van's).

In late February 1978, Gronewold, Sanne, and Vanosdall heard Freeman in a radio interview. On March 8, Gronewold attended and recorded a speech given by Freeman at a local hotel. In mid-March, Gronewold played his recording for the principal defendants. On April 8, Freeman came to Van's and spoke to all the principal defendants except Spencer, and advised them that, were they to run afoul of the law, he would defend them for a stated fee.

Motivated by Freeman's speech, the principal defendants filed falsified W-4 forms. All were charged by information with violation of 26 U.S.C. § 7205 (§ 7205),[1] and pleaded guilty.[2] Each information also charged Freeman in a second count with violation of 18 U.S.C. § 2.[3]

During his arraignment, Freeman, acting *pro se,* asked that his case be submitted to a grand jury. When his request was denied, Freeman filed a corresponding motion, which was also denied.

Immediately prior to trial, Freeman moved for, *inter alia,* reduction of the charges to a single charge and dismissal on grounds of illegal selective prosecution. Those motions were denied.

The jury found Freeman guilty on all five counts. The court sentenced him on each count to the custody of the Attorney General for a period of one year, the sentences to run concurrently.

## Issues

The issues are whether: (1) Freeman's actions are protected by the first amend-

---

* HOWARD T. MARKEY, Chief Judge, United States Court of Customs and Patent Appeals, Washington, D.C., sitting by designation.

1. § 7205. Fraudulent withholding exemption certificate or failure to supply information.

Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information, or who willfully fails to supply information thereunder which would require an increase in the tax to be withheld under section 3402, shall, in lieu of any other penalty provided by law (except the penalty provided by section 6682), upon conviction thereof, be fined not more than $500, or imprisoned not more than 1 year, or both.

2. A sixth defendant, Boruch, also pleaded guilty, but later withdrew his plea and was acquitted. He did not take part in Freeman's trial, and the case against Freeman based on Count II of the information charging Boruch was dismissed.

3. § 2. Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Aiding the filing of fraudulent withholding forms is also a violation of 26 U.S.C. § 7206(2):

§ 7206. Fraud and false statements

Any person who—

(2) Aid or assistance—

Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document . . . shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution.

ment, (2) an indictment is required to charge aiding and abetting in violation of 18 U.S.C. § 2, and (3) Freeman was illegally selectively prosecuted.[4]

1. Freeman's actions are not protected by the First Amendment.

■ Freeman alleges that his speeches "[challenge] the constitutionality of the income tax laws as . . . enforced in this country . . .," that he "espouses a political cause aimed at changing the tax law in the United States . . .," and that his actions were "absolutely protected" by the first amendment, any conviction founded on the present record being "outside the . . . perview of . . . the laws of this country."

Freeman's objection was answered by this court in *United States v. Buttorff*, 572 F.2d 619 (8th Cir. 1978), on facts similar to those here, 572 F.2d at 623–24:

[T]he Supreme Court has distinguished between speech which merely advocates law violation and speech which incites imminent lawless activity. *See Branden-*

*burg v. Ohio,* 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969). The former is protected; the latter is not.

Although the speeches here do not incite the type of imminent lawless activity referred to in criminal syndicalism cases, the defendants did go beyond mere advocacy of tax reform. They explained how to avoid withholding and their speeches and explanations incited several individuals to activity that violated federal law and had the potential of substantially hindering the administration of the revenue. This speech is not entitled to first amendment protection and, as discussed above, was sufficient action to constitute aiding and abetting the filing of false or fraudulent withholding forms.

Freeman also alleges that his conviction must be overturned because § 7205, on which it is based, is unconstitutionally vague.[5] *Gooding v. Wilson,* 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972), on which Freeman bases his argument, requires that the proscribed actions be constitutionally protected.[6]

---

4. We decline comment on multiplicity of charges, a matter mentioned in the government's brief but neither raised nor argued by Freeman on appeal.

5. Freeman alleges: (1) that "criminal culpability based upon § 7205 must rest on . . . the definition of 'liability' as . . . used on the W–4 forms . . .," and that "the absence of a definition of 'liability' in the Internal Revenue Code invalidates the statute;" and (2) that the tax laws are vague because the same figures can be made to yield different results for tax liability.

Both allegations are without merit:

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954) (footnotes omitted). There is no doubt that the code sections named in the indictment proscribe the filing of a false or fraudulent withholding form and that defendants were capable of understanding this meaning of the statute.

*United States v. Buttorff,* 572 F.2d at 625.

6. Freeman quotes from *Gooding,* 405 U.S. at 520–21, 92 S.Ct. at 1105. In pertinent part that quote reads:

At least when statutes regulate or proscribe speech and when "no readily apparent construction suggests itself as a vehicle for rehabilitating the statutes in a single prosecution," *Dombrowski v. Pfister,* 380 U.S. 479, 491 [, 85 S.Ct. 1116, 1123, 14 L.Ed.2d 22] (1965), the transcendent value to all society of *constitutionally protected expression* is deemed to justify allowing "attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity," *id.,* at 486 [, 85 S.Ct., at 1121]; see also *Baggett v. Bullitt,* 377 U.S. 360, 366 [, 84 S.Ct. 1316, 1319, 12 L.Ed.2d 377] (1964); *Coates v. City of Cincinnati,* 402 U.S. 611, 616 [, 91 S.Ct. 1686, 1689, 29 L.Ed.2d 214] (1971); *id.,* at 619–20 [, 91 S.Ct., at 1691] (White, J., dissenting); *United States v. Raines,* 362 U.S. 17, 21–22 [, 80 S.Ct. 519, 522–23, 4 L.Ed.2d 524] (1960); *NAACP v. Button,* 371 U.S. 415, 433 [, 83 S.Ct. 328, 338, 9 L.Ed.2d 405] (1963). [Emphasis added.]

Because we find Freeman's actions not so protected, that argument is without merit.

2. An indictment was not required.

Freeman was charged by information. Fed.R.Crim.P. 7(a).[7] Because violation of § 7205 is punishable by "a" prison sentence, and because under 18 U.S.C. § 2 Freeman may be punished as a principal, he alleges that his crime was infamous. Hence, says Freeman, the government's failure to obtain a grand jury indictment was a violation of the fifth amendment's requirement therefor in relation to "capital or otherwise infamous" crimes.

An infamous crime is one punishable by death, or by imprisonment in a penitentiary or at hard labor. *United States v. Moreland,* 258 U.S. 433, 436–37, 42 S.Ct. 368, 66 L.Ed. 700 (1922); *Ex parte Wilson,* 114 U.S. 417, 426–29, 5 S.Ct. 935, 29 L.Ed. 89 (1885). Under 18 U.S.C. § 4083: "Persons convicted of offenses against the United States . . . punishable by imprisonment for more than one year may be confined in any United States penitentiary. A sentence for an offense punishable by imprisonment for one year or less shall not be served in a penitentiary without the consent of the defendant." If punished as a principal under § 7205, Freeman could not be imprisoned for more than one year. Because he could not therefore be required to serve his sentence in a penitentiary without his consent his crime cannot be deemed infamous[8] and an indictment was not required.[9]

3. Freeman was not illegally selectively prosecuted.

Freeman alleges that the government's only purpose in prosecuting the principal defendants was to enable the government to prosecute and "convict him for exercising his First Amendment rights," in violation of his rights to due process and equal protection set forth in the fifth and fourteenth amendments. He cites as evidence the guilty pleas of the principal defendants, their light sentences, their promises in writing to testify at Freeman's trial, and the acquittal of Boruch.

In *Olyer v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962), the Supreme Court stated:

Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification. Therefore grounds supporting a finding of a denial of equal protection were not alleged. *Oregon v. Hicks, supra* [213 Or. 619, 325 P.2d 794]; *cf. Snowden v. Hughes,* 321 U.S. 1 [, 64 S.Ct. 397, 88 L.Ed. 497] (1944); *Yick Wo v. Hopkins,* 118 U.S. 356 [, 6 S.Ct. 1064, 30 L.Ed. 220] (1886) (by implication).

This court stated the test in *United States v. Catlett,* 584 F.2d 864, 866 (8th Cir. 1978):

To establish the essential elements of a *prima facie* case of selective discrimination, a defendant must first demonstrate that he has been singled out for prosecution while others similarly situated have not been prosecuted for conduct similar to that for which he was prosecuted. Second, the defendant must demonstrate

---

7. Rule 7. The Indictment and the Information
   (a) Use of Indictment or Information
   An offense which may be punished by death shall be prosecuted by indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard labor shall be prosecuted by indictment or, if indictment is waived, it may be prosecuted by information. Any other offense may be prosecuted by indictment or by information. An information may be filed without leave of court.

8. For the same reasons, Fed.R.Crim.P. 7(a) does not, as Freeman alleges, violate the fifth amendment.

9. That Freeman was charged with and convicted of five separate offenses with a possible total sentence of five years does not convert the offenses charged into "infamous" crimes for purposes of the fifth amendment. *United States v. Jordan,* 508 F.2d 750, 753 (7th Cir. 1975).

that the government's discriminatory selection of him for prosecution was based upon an impermissible ground, such as race, religion or his exercise of his first amendment right to free speech. *United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir. 1974). We approved of this two-pronged test of "intentional and purposeful discrimination" in *United States v. Swanson,* 509 F.2d 1205, 1208–09 (8th Cir. 1975). *See also United States v. Ojala, supra,* 544 F.2d [940] at 943.

*Catlett* involved a Quaker long active in protesting certain government policies by refusing to file federal income tax returns. Upon being prosecuted for willfully and knowingly failing to file income tax returns, Catlett produced evidence that the Internal Revenue Service had adopted a selective approach to its investigations of tax noncompliance, centering on "individuals who have achieved notoriety as tax protestors." 584 F.2d at 865–67. This court concluded, 584 F.2d at 867, that, even assuming the government's selective policy had been applied to Catlett, he had:

> [F]ailed to establish a *prima facie* case of purposeful discrimination. While the decision to prosecute an individual cannot be made in retaliation for his exercise of his first amendment right to protest government war and tax policies, the prosecution of those protestors who publicly and with attendant publicity assert an alleged personal privilege not to pay taxes as part of their protest is not selection on an impermissible basis.

Here, Freeman has not shown that he was (1) singled out for prosecution, or (2) selected for prosecution upon the impermissible ground of an exercise of his first amendment rights. "The prosecution of those [who] publicly and with attendant publicity [encourage people to file fraudulent withholding forms in violation of the law] as part of their protest is not selection on an impermissible basis." *Id.* at 867.

Finding no error, we affirm the judgment.