**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael P. DRISCOLL,
Defendant-Appellant.**

**No. 79–1266.**

United States Court of Appeals,
Ninth Circuit.

Jan. 8, 1980.

William Dee Morris, Helena, Mont., for defendant-appellant.

Robert T. O'Leary, Butte, Mont., on brief, for plaintiff-appellee.

Before KENNEDY and ANDERSON, Circuit Judges, and von der HEYDT,* District Judge.

KENNEDY, Circuit Judge:

In agreement with other circuits which have ruled upon the point, we hold the willful failure to file an income tax return as proscribed by 26 U.S.C. § 7203 (1976 & Supp. I 1977) is an offense for which the Government may proceed by information in lieu of grand jury indictment. *United States v. Moss,* 604 F.2d 569 (8th Cir. 1979); *United States v. Kahl,* 583 F.2d

* Honorable James A. von der Heydt, United States District Judge for the District of Alaska, sitting by designation.

1351 (5th Cir. 1978); *United States v. Jordan,* 508 F.2d 750 (7th Cir.), *cert. denied,* 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62 (1975).

 There are at least two reasons. First, the penalty for the offense is not more than one year, 26 U.S.C. § 7203 (1976 & Supp. I 1977). The length of penalty is now the most reliable index of whether a crime is infamous, as that term is used in the fifth amendment. *See* Fed.R.Crim.P. 7(a). The cases cited above relied upon this standard in concluding that the income tax penalty is not infamous. Related to the length of term is a second concept, which is that an infamous crime may result in confinement to a penitentiary. *Mackin v. United States,* 117 U.S. 348, 6 S.Ct. 777, 29 L.Ed. 909 (1886). Since a defendant sentenced to not more than one year of imprisonment may not be confined to a penitentiary without his consent, the crime is not infamous. *See* 18 U.S.C. § 4083 (1976 & Supp. I 1977); *Moss, supra; Kahl, supra; Jordan, supra.*

 The other contentions of the appellant also are without merit. No objection was made to the jurisdiction of the court by reason of an allegedly defective bench warrant, and the legal premise for any such objection is doubtful in any event. *Bistram*

*v. United States,* 253 F.2d 610, 612 (8th Cir. 1958); *see Sewell v. United States,* 406 F.2d 1289, 1292 (8th Cir. 1969). Further, the record does not establish that any information was acquired by the Revenue Service as a result of a summons, so the petitioner's challenge to summons procedure is not well taken. No objection was made on grounds that the jury instructions unfairly assumed the defendant's guilt, and we find no error in this regard in any event. The demeanor of the trial judge in his conduct of the case was in all respects proper.

There being no issues of substance presented in the appeal, the mandate will not be stayed beyond the time provided in Fed.R.App.P. 41(a).[1]

AFFIRMED.

---

1. At oral argument before this court, appellant's counsel was courteous and most respectful, but he ignored every specified ground of appeal. Instead, counsel spent all of the argument time in a general attack designed to demonstrate the unjust administration of the tax laws by the Internal Revenue Service. In one sense the approach demonstrates a certain candor, arising no doubt from necessity, since every ground of appeal is entirely without merit.

We would be quite disturbed, however, if one could draw the inference that counsel had sought to beguile the young defendant with similar arguments, without at the same time advising the client of the futility of a willful failure to file as some form of protest, and of the penal consequences attendant upon commission of the violation. In advising a defendant who prepares to stand trial or who decides to remain adamant and without remorse before sentencing, legal counsel has the duty to insure the client does not entertain a distorted idea of the importance or efficacy of acts of civil disobedience. Even Thoreau's jail term was limited to overnight. This defendant loses far more, and we doubt that much notoriety will result.

As appears to be true with other defendants who have come before us in cases of this type, the young defendant, at least in his outward demeanor, had some characteristics of industry and talent. Yet, it seems that all that can come of the case is that he will spend a year of his life in jail, while the tax protest movement hopes for new recruits who will likely share a similar fate. Judges view willful failure to file as a serious infraction of a regulatory scheme that is essential for the orderly working of government and our social structure. No doubt courts will continue to punish the violation with jail confinement. We do not weigh the value of the defendant's defiance for his own self esteem, that being a matter for his conscience. We do insist that legal counsel has a professional obligation to advise that even if the criminal act of failure to file may seem heroic to the client, the courts can and will consider it a vain and foolish act, ending, as in this case, in waste.