**UNITED STATES of America, Plaintiff,**

v.

**Eugene MAY, Defendant.**

**Civ. A. No. 82–72802.**

United States District Court,
E.D. Michigan, S.D.

Feb. 7, 1983.

Francis L. Zebot, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Eugene May, in pro. per.

OPINION

FEIKENS, Chief Judge.

The government brings this action seeking an injunction barring May from engaging in illegal, false, misleading and deceptive conduct which interferes with proper administration of the Internal Revenue laws. I granted the government's motion for a preliminary injunction on September 13, 1982. The government now moves for summary judgment in the form of a permanent injunction. This opinion explains my reasons for granting both interlocutory and permanent relief.

The government wants May enjoined from engaging in three activities: (1) distributing forms which he claims are acceptable as income tax returns (Form 1040), which differ in any respect from the official Form 1040; (2) disseminating information in any form advising taxpayers that wages, salaries or business income are not taxable; and (3) preparing or assisting in the preparation of any federal tax return in which the wages, salaries, or business income of the taxpayer is not included in adjusted gross income.

The government alleges that May has been encouraging taxpayers not to pay taxes on wages and salaries. Basically, he informs them that the IRS Form 1040 improperly leads taxpayers to believe that wages and salaries are taxable income when they are not. In order to help them file an income tax return which does not include wages and salaries as taxable income, May distributes a so-called "Eisner tax return" which is similar to an IRS Form 1040. However, its small differences are important. Where the IRS form says "Income," May's form says "Receipts." The IRS form's "Adjustments to Income" section corresponds to an "Adjustment to Receipts" section on May's form. Most important, line 23 of May's form is for "Non-taxable Receipts." The remainder of May's "Adjustments to Receipts" section consists pri-

marily of citations to United States Supreme Court tax decisions. May instructs taxpayers to put their wages and salaries on line 23. Thus, wages and salaries are not included in taxable income and taxpayers pay tax only on other income.

Critical to May's argument is his assertion that money received as a result of labor is not income within the meaning of the Sixteenth Amendment to the United States Constitution or the Internal Revenue Code. Although "income" is not defined in the Constitution or the Internal Revenue Code, "gross income," [1] "adjusted gross income," [2] and "taxable income" [3] are. The "income" section of the IRS Form 1040 allows the taxpayer to compute gross income. The "adjustments to income" section allows the subtractions from gross income necessary to compute adjusted gross income.

May argues that according to *Eisner v. Macomber,* 252 U.S. 189, 207, 40 S.Ct. 189, 193, 64 L.Ed. 521 (1920), "income" must be a "gain." Since he presumes that wages are a fair exchange for time and effort expended, he theorizes that there is no gain derived from wages. There is no merit to this argument. Any discussion of wages gain and income in *Eisner* is dicta—it deals with whether stock dividends are income.

"There is no doubt that the statute could tax salaries to those who earned them . . . ." [4] Courts have often considered the question of whether wages are income. They have unanimously determined that they are.

> Compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable. [5]

Notwithstanding Lawson's belief that his wages are not gains or profits but merely what he has received in an equal exchange for his services, the Internal Revenue Code clearly includes compensation of this nature within reportable gross income. [6]

"[I]ncome" may be defined as the gain derived from capital, from labor, or from both combined . . . [I]t is of course true that the revenues derived from the working of mines result to some extent in the exhaustion of the capital. But the same is true of the earnings of the human brain and hand when unaided by capital, yet such earnings are commonly dealt with in legislation as income. [7]

Thus, it is clear that wages, salaries, and any other things of value received in exchange for work performed are income within the meaning of the Sixteenth Amendment to the United States Constitution, and the Internal Revenue Code. The etymology of the word "income" reveals that it is a compound word meaning "that which comes in." [8] Whether or not something is income does not depend on whether what comes in is received in exchange for something else.

The government asks that May be enjoined from disseminating false information regarding the taxability of wages and salaries. It also asks that he be enjoined from preparing or assisting in the preparation of any tax return in which wages, salaries or business earnings received by a taxpayer are not included in adjusted gross income as defined by I.R.C. § 62. It cites two sections of the Internal Revenue Code in support of its request for injunctive relief, I.R.C. §§ 7402(a), 7407. Relief is proper under

**1.** I.R.C. § 61.

**2.** I.R.C. § 62.

**3.** I.R.C. § 63.

**4.** *Lucas v. Earl,* 281 U.S. 111, 114, 50 S.Ct. 241, 74 L.Ed. 731 (1930).

**5.** *United States v. Romero,* 640 F.2d 1014, 1016 (9th Cir.1981).

**6.** *United States v. Lawson,* 670 F.2d 923, 925 (10th Cir.1982).

**7.** *Stratton's Independence, Ltd. v. Howbert,* 231 U.S. 399, 415, 34 S.Ct. 136, 140, 58 L.Ed. 285 (1913).

**8.** *See* Webster's Third New International Dictionary 1143 (1971); The Oxford English Dictionary 162 (1961).

both sections. I discuss only the general § 7402(a) which provides in relevant part:

The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws . . . .

The government has provided extensive evidence regarding the need for injunctive relief. Internal Revenue Agent Roy Benvenuti avers that the IRS has received at least 35 "Eisner" returns signed by May as preparer. At least 140 of May's "Eisner" forms have been filed and located in the Internal Revenue Service's Detroit office.[9] The government has filed ten affidavits executed by taxpayers who aver that they purchased May's "Freedom Filer Kit" which contains his "Eisner" return and instructions for using it. Two other individuals, Jack R. Ledford and Joseph G. Cancel, aver that they attended seminars conducted by May where he explained his theory regarding the taxation of wages and salaries. Both Ledford and Cancel aver that they filed "Eisner" returns for the 1980 tax year and claimed no taxable income.

May advances two arguments relevant to § 7402(a) against the imposition of injunctive relief. He argues that he is the victim of selective prosecution and that the First Amendment prevents the prior restraint the government seeks.

■ May's claim of selective prosecution is without merit. He notes that publishers of tax law services have not been subjected to injunctive relief. However, he does not allege that they have fraudulently misled people into believing that they could escape tax liability. May names no one who has acted in this manner and has not been restrained.

May's First Amendment argument is based on the general rule against prior restraint. He cites six Supreme Court cases, without discussion, as standing for the proposition that the restraint the government seeks to impose against him is prohibited by the First Amendment.

The injunction the government seeks is not a true prior restraint. As in *Kingsley Books, Inc. v. Brown,* 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469 (1957), the restraint sought is one preventing the continuation of a practice already begun. This is less objectionable than a true prior restraint because the conduct has already occurred.

Even if this injunction is a prior restraint, it does not violate the First Amendment. As in *United States v. Buttorff,* 572 F.2d 619, 622–24 (8th Cir.), *cert. denied,* 437 U.S. 906, 98 S.Ct. 3095, 57 L.Ed.2d 1136 (1978), the activity May is undertaking is not protected.[10] May's speech is more objectionable than that in *Buttorff.* The *Buttorff* defendants incited people to knowingly disobey the tax laws as a form of protest. May fraudulently misleads people into believing they can lawfully avoid paying taxes on wages.

■ Unprotected speech like May's is subject to prior restraint given adequate procedural safeguards. *Bernard v. Gulf Oil Co.,* 619 F.2d 459, 471 (5th Cir.1980) (*en banc*), *aff'd* 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). No procedural safeguard problem exists here. May had a full opportunity to present his arguments at the hearing on the government's motion for preliminary relief. He has not responded to the government's motion for permanent relief despite an express invitation to do so,[11] and has apparently decided not to contest this action further.

**9.** Affidavit of Roy Benvenuti, executed July 22, 1982, at 3.

**10.** *See also Brandenburg v. Ohio,* 395 U.S. 444, 447, 89 S.Ct. 1827, 1829, 23 L.Ed.2d 430 (1969); *United States v. Amon,* 669 F.2d 1351, 1359–61 (10th Cir.1981) (Logan, J., concurring), *cert. denied,* —— U.S. ——, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982); *United States v. Moss,* 604 F.2d 569, 571 (8th Cir.1979), *cert. denied* 444 U.S. 1071, 100 S.Ct. 1014, 62 L.Ed.2d 752 (1980); *Masses Publishing Co. v. Patten,* 244 F. 535, 540 (S.D. N.Y.1917).

**11.** Letter of September 28, 1982 (notifying May of pendency of motion).

Thus, I find that May has been fraudulently misleading taxpayers to unknowingly violate the Internal Revenue Code. Such action is outside the protection of the First Amendment and is subject to the injunctive relief the government seeks. An appropriate order is entered herewith.