**UNITED STATES of America,**

v.

**Alton R. MOSS, a/k/a John L. Freeman, Defendant.**

No. CR 82–105–RE.

United States District Court,
D. Oregon.

March 15, 1983.

Charles H. Turner, U.S. Atty., Charles W. Stuckey, Asst. U.S. Atty., Portland, Or., Patricia A. Pileggi, Trial Atty., Dept. of Justice, Tax Div., Washington, D.C., for the U.S.

John L. Freeman, pro se.

## OPINION

REDDEN, District Judge.

### I. *Background*

At pretrial hearings I ruled on certain matters by minute order, indicating that an opinion would be filed subsequently, stating my reasons in greater detail.

Defendant, John Law Freeman (a/k/a Alton R. Moss), is charged in a fourteen count indictment with violating 26 U.S.C. § 7206(2). This section makes it a felony to willfully aid, assist, counsel or advise the preparation or filing of an income tax return which is false as to any material matter.

During early 1981, Mr. Freeman traveled throughout Oregon conducting classes on the filing of tax returns. During these classes, he advised the audience that salaries and wages are not taxable income. He told the audience to deduct their total wages from their total income and to request a refund for all income and FICA taxes which had been withheld from their paychecks.

Mr. Freeman provided the audience in his classes with samples of the "right way" and "wrong way" to file an income tax return. He instructed the audience that the "right way" to file was to alter line 28 by crossing out "alimony" and inserting "Nontaxable receipts—*Esiner [Eisner] v. Macomber,* 252 U.S. 189 [40 S.Ct. 189, 64 L.Ed. 521]." The audience was then instructed to put the full amount of their wages on line 28 and to deduct this amount from their total income. The "wrong way" to file returns is the method preferred by the Internal Revenue Service.

Defendant moves to dismiss the indictment on the grounds that his activities were protected speech under the First Amendment. He also moves to dismiss on the grounds of selective prosecution.

### II. *Discussion*

#### A. *First Amendment*

█ The First Amendment does not provide a defense to a criminal charge simply because the actor uses words to carry out his unlawful purpose. *United States v. Barnett,* 667 F.2d 835, 842 (9th Cir.1982). The Eighth Circuit rejected a similar First Amendment argument in *United States v. Buttorff,* 572 F.2d 619 (8th Cir.), *cert. denied,* 437 U.S. 906, 98 S.Ct. 3095, 57 L.Ed.2d 1136 (1978). The defendants in *Buttorff* were convicted of aiding and abetting persons who filed false tax returns. Defendants in *Buttorff,* like Mr. Freeman, held public meetings at which they told the audience how to avoid paying income taxes,

including claiming a large number of allowances to stop withholding. The court held:

> Although the speeches here do not incite the type of imminent lawless activity referred to in criminal syndicalism cases, the defendants did go beyond mere advocacy of tax reform. They explained how to avoid withholding and their speeches and explanations incited several individuals to activity that violated federal law and had the potential of substantially hindering the administration of the revenue. This speech is not entitled to first amendment protection and, as discussed above, was sufficient action to constitute aiding and abetting the filing of false or fraudulent withholding forms.

*Id.* at 624. The Ninth Circuit has cited *Buttorff,* with approval. *United States v. Barnett, supra,* 667 F.2d at 843.

The defendant in *Barnett* was charged with aiding and abetting the attempted manufacture of phencyclidine. The government charged that the defendant aided in the attempted manufacture by advertising the availability of, and mailing to customers, a formula for phencyclidine. The Court held that "to the extent ... that Barnett appears to contend that he is immune from search or *prosecution* because he uses the printed word in encouraging and counseling others in the commission of a crime, we hold expressly that the first amendment does not provide a defense as a matter of law to such conduct." *Id.* at 843 (emphasis in original).

■ I find that the First Amendment does not offer a defense to prosecution for the defendant in this case. *Id. See also United States v. Moss,* 604 F.2d 569 (8th Cir.1979), *cert. denied,* 444 U.S. 1071, 100 S.Ct. 1014, 62 L.Ed.2d 752 (1980) (citing *Buttorff* in holding that defendant has no First Amendment protection for a speech explaining how to violate federal income tax laws). I, therefore, deny defendant's Motion to Dismiss on the Grounds of the First Amendment.

**B.  *Selective Prosecution***

■ I also deny defendant's Motion to Dismiss for Selective Prosecution. To establish a claim of selective prosecution, the defendant has a two-part burden. He must prove both "that others similarly situated have not been prosecuted and that the allegedly discriminatory prosecution was based on an impermissible motive." *United States v. Ness,* 652 F.2d 890, 892 (9th Cir.), *cert. denied,* 454 U.S. 1126, 102 S.Ct. 976, 71 L.Ed.2d 113 (1981).

Mr. Freeman has failed to make an adequate showing of the first prong. He has failed to show that others similarly situated were generally not prosecuted for such conduct. Mr. Freeman claims that other individuals went to his classes and then told others how to file returns in the manner Mr. Freeman advocates. Mr. Freeman contends that these people are similarly situated and were not prosecuted. He argues that the only reason he was prosecuted is because he exercised his First Amendment rights. I find that these other individuals are not similarly situated. From my review of the Grand Jury transcripts, I find that these individuals believed in Mr. Freeman and did not realize that he was advising illegal activity. The defendant has not shown that these other individuals willfully assisted in the preparation of false tax returns, knowing these returns were false.

Defendant has also failed to establish the second prong of the test: that he was prosecuted because he exercised his First Amendment rights. I have already held that, as a matter of law, his classes do not constitute protected speech under the First Amendment.

Since Mr. Freeman has failed to meet his burden, I deny his motion to dismiss for selective prosecution.