ROBERT D. HORNE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Horne v. Commissioner
Docket No. 5356-82.
United States Tax Court
T.C. Memo 1983-362; 1983 Tax Ct. Memo LEXIS 429; 46 T.C.M. (CCH) 526; T.C.M. (RIA) 83362; June 20, 1983. Robert D. Horne, pro se. Sheldon M. Kay, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In a notice of deficiency dated December 16, 1981, respondent determined deficiencies in income tax and additions to tax as follows: Deficiency in
Additions to Tax, I.R.C. 1954 [1]
Year
Income Tax
Sec. 6653(b)
Sec. 6654
1977
$584.00
$292.00
$20.83
1978
1,422.64
711.32
45.53
1979
152.80
76.40
6.41
*430 Petitioner admits that he did not file income tax returns for the years 1977, 1978, and 1979, claiming that he had no obligation to do so. At trial he presented no evidence with respect to the deficiencies or the additions to tax under section 6654, [2] and those issues will therefore be determined against him. See Rules 142(a) and 149(b), Tax Court Rules of Practice and Procedure.
*431 Respondent, however, has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud in order to sustain the addition to tax under section 6653(b). Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure.
FINDINGS OF FACT At the time he filed his petition herein, petitioner resided in Pickett, Wisconsin. Prior to the year 1972, petitioner and his then wife filed joint Federal income tax returns on which they included wages as income. Sometime thereafter petitioner commenced filing Forms 1040 with the Internal Revenue Service on which he stated on each and every line that he objected on the basis of the Fifth Amendment and to which were attached various documents such as the Magna Carta, the Mayflower Compact, etc. Petitioner's tax liability for the years 1975 and 1976 became the subject of this Court's case number 11401-78S. In T.C. Summary Opinion 1979-547, filed September 27, 1979, the Court sustained deficiencies in petitioner's taxes for those years and additions to tax under section 6653(b). In that opinion, the Court rejected petitioner's constitutional claims and found that his failure *432 to file income tax returns for the years 1972 through 1976, filing false Forms W-4, Employee's Withholding Allowance Certificate, for the years 1975 and 1976, and the receipt of income from wages constituted clear and convincing evidence that petitioner's underpayment of tax for those years was intentional and due to fraud. During 1977 and 1978, petitioner was employed as a janitor by Ponderosa System, Inc. (Ponderosa), and received wages in the amounts of $5,987.70 and $500.99, respectively. No income tax was withheld from those wages because, on May 12, 1976, petitioner had delivered to Ponderosa a Form W-4 on which he claimed 10 withholding allowances. At the time that he filed the Form W-4, petitioner lived alone and had no reasonable basis for claiming 10 withholding allowances.On or about September 10, 1977, petitioner purported to assign $4,000 of his wages to a chapter of the Universal Life Church. Ponderosa refused to honor the purported assignment. During 1978 and 1979, petitioner received fees from Ponderosa in the amounts of $6,822.67 and $1,886.40, respectively, from which no income tax was withheld because petitioner and Ponderosa maintained that petitioner was *433 performing services as an independent contractor. In January 1980, prior to the time his return for the calendar year 1979 (in issue here) was due, petitioner obtained employment with the County of Winnebago, Wisconsin. In that connection, he submitted to his employer a Form W-4 on which he claimed that he was exempt from withholding. He deleted the words "Under the penalties of perjury" appearing on the form above the space where he signed the form. By distributing in writing and broadcasting by radio misleading information concerning "living family trusts," petitioner has sought to influence others to attempt to avoid payment of income and death taxes. Petitioner's only excuse for not filing tax returns for the years 1977, 1978, and 1979 is his contention that he is not subject to income tax on his wages. He has refused to produce financial information demanded of him by the Internal Revenue Service, asserting his privilege against self-incrimination and demanding a grant of immunity as a precondition to cooperation. He has also demanded a jury trial and asserted miscellaneous frivolous procedural objections. OPINION Petitioner's contentions are totally without merit. *434 He was so advised with respect to the taxability of wages and his constitutional claims in the opinion resolving his prior case in this Court, which cited, inter alia, Wilkinson v. Commissioner,71 T.C. 633 (1979). The taxability of wages has been repeatedly confirmed by this and other courts. See, e.g., Reading v. Commissioner,70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); Lonsdale v. Commissioner,661 F.2d 71 (5th Cir. 1981), affg. a Memorandum Opinion of this Court; United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980); United States v. Moore,692 F.2d 95 (10th Cir. 1979, as amended 10/26/82). [3]
The 50 percent addition to tax in the case of fraud is a civil sanction *435 provided primarily as a safeguard for the protection of the revenue and to reimburse the government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Failure to file returns, without more, is not proof of fraud; such omission may be consistent with a state of mind other than the intention and expectation of defeating the payment of taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); *436 Cirillo v. Commissioner,314 F.2d 478, 482 (3d Cir. 1963), affg. in part and revg. in part a Memorandum Opinion of this Court. Failure to file, however, may be considered in connection with other facts in determining whether any deficiency or underpayment of tax is due to fraud. Beaver v. Commissioner,supra at 93. In this case there is no question that petitioner's purpose was to evade, and not merely to postpone, the payment of taxes that he claims he was not obligated to pay. Petitioner's total course of conduct over the years permits no alternative inference. His filing of a false W-4 form with Ponderosa had the obvious purpose and effect of preventing payment of taxes on his wages through withholding. Notwithstanding his purported belief that he was exempt from tax, this type of self-help is unexcused and essentially inexcusable. A political belief that the law is wrong or a mistaken belief that a statute is unconstitutional and that one has the right to violate it is not a defense to a criminal prosecution for filing a false or fraudulent W-4 form in violation of section 7205. United States v. Ness,652 F.2d 890 (9th Cir. 1981); *437 United States v. Moss,604 F.2d 569 (8th Cir. 1979), cert. denied 444 U.S. 1071 (1980); United States v. Quilty,541 F.2d 172 (7th Cir. 1976); United States v. Malinowski,472 F.2d 850 (3d Cir. 1973).Afortiori, filing of false certificates claiming an excessive number of withholding allowances or claiming that the taxpayer is exempt from income tax is evidence of fraud by the lesser standard of proof applicable in a civil proceeding. See Stephenson v. Commissioner,79 T.C. 995, 1007 (1982); Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). [4]
*438 Petitioner's failure to file persisted even after he was advised by this Court that his contentions lacked merit and that he was subject to imposition of the addition to tax for fraud. (His 1979 return was due, of course, on April 15, 1980, months after the Court's opinion in the case involving his liability for the years 1975 and 1976 was served on him.) His refusal to provide financial information to respondent is, in the context of this record, further evidence of fraud. See Powell v. Granquist,252 F.2d 56, 60 (9th Cir. 1958); Grosshandler v. Commissioner,75 T.C. 1, 20 (1980); Gajewski v. Commissioner,supra at 200. Respondent's burden of proof has been met because the evidence compels the conclusion that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Stoltzfus v. United States,supra at 1004; Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. DECISION WILL BE ENTERED FOR THE RESPONDENT.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩
2. Petitioner stated: that is what I am going to stand on today, Judge, that the Internal Revenue is a private agency and not an agency of the United States government. THE COURT: Do you have any authorities in support of that position?
MR. HORNE: Yes, I do have. Private industry uses a W-4 form that states in a block wages, tips, and compensation. Government agencies uses a W-4 form that has a box in there wages subject to withholding. The copy of the W-2 form that I have from the Internal Revenue Service is the same as private industry uses, Judge. So if it were a government agency it would have a block in there wages subject to withholding.
THE COURT: Well, if that is a legal contention I am going to rule that it is an erroneous one. MR. HORNE: Well, I have that only to stand on * * *.↩
3. See also Rice v. Commissioner,T.C. Memo. 1982-129; Rowlee v. Commissioner,T.C. Memo. 1983-353; and Devine v. Commissioner, an unpublished order of the United States Court of Appeals for the Seventh Circuit, dated Dec. 15, 1981, case No. 81-1330, quoted in Devine v. Commissioner,T.C. Memo. 1983-13↩, on appeal (7th Cir., Apr. 7, 1983).
4. See also Hebrank v. Commissioner,T.C. Memo. 1982-496; Fuhrmann v. Commissioner,T.C. Memo. 1982-255; and Fahy v. Commissioner,T.C. Memo. 1982-37, in which we stated: We conclude that petitioner knew that he was doing -- i.e., that petitioner was evading the payment of his Federal income tax liability ( United States v. Pomponio,429 U.S. 10, 12↩ (1976)); that he was taking steps to reduce the likelihoo that he would be caught; and that he was taking steps to reduce the likelihood that, if he were caught, he would have to pay the taxes he owed.