PAUL E. SCHAEFER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schaefer v. Commissioner
Docket No. 27590-81.
United States Tax Court
T.C. Memo 1983-361; 1983 Tax Ct. Memo LEXIS 428; 46 T.C.M. (CCH) 524; T.C.M. (RIA) 83361; June 20, 1983. Paul E. Schaefer, pro se. Edward Langer, for respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: At the time he filed his petition herein, petitioner resided in Waterloo, Wisconsin. Petitioner and Inez E. Schaefer timely filed a joint Federal income tax return for the taxable year 1978 with the Internal Revenue Service Center at Kansas City, Missouri. On that return, they reported income of $20,635 *430 from wages and $320 from state and local income tax refunds and computed a total tax of $2,124. Because total Federal income tax withheld was $3,719, they claimed a refund of $1,595. Sometime prior to August 1, 1980, petitioner received erroneous advice that sent him on a misadventure of tax protest. He and Inez Schaefer filed a purported amended individual income tax return, Form 1040X, for the calendar year 1978, attaching thereto a "personal affidavit" in which petitioner claimed that compensation received for his labor "was an equal exchange, 'value for value'." The purported amended return showed no tax liability for the taxable year 1978 and claimed a refund of $2,124. Apparently as a result of the purported amended return, respondent examined petitioner's original return for 1978 and determined that the sum of $1,248 income received by Inez Schaefer was omitted from that return. Respondent thereafter determined a deficiency of $300 in income tax and issued a notice of deficiency dated August 11, 1981. The original petition herein was filed November 9, 1981, and, among other things, alleged confusion of petitioner as to "what is honest 'money'" in view of elimination *431 of the gold standard and "unfair and unconstitutional use of petitioners tax 'dollar' for government supported abortions." Thereafter, respondent filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. In that motion respondent requested that the Court enter a decision determining a deficiency for 1978 in the amount of $248, explaining: The amount differs from that set forth in the statutory notice of deficiency dated August 11, 1981, upon which notice the above-entitled case is based, since $499.00 of business expenses were substantiated by the petitioner. Upon the filing of an Amended Petition by petitioner on February 1, 1982, respondent's motion to dismiss was denied. The amended petition claims in general terms that petitioner overreported his income for 1978. On or about December 2, 1982, petitioner sent to respondent a letter and a purported second amended tax return for the year 1978. Attached to that purported amended return was one Schedule C showing Paul E. Schaefer as proprietor, reporting gross receipts of $20,635 and cost of goods sold of $20,635. A second Schedule C attached to the purported second amended return showed Inez *432 E. Schaefer as proprietor, gross receipts of $1,248 and cost of goods sold of $1,248. Also attached to the purported second amended return were 19 pages of tax protest materials. On or about February 7, 1983, petitioner sent to respondent another 10 page tax protest "Demand for Administrative Level Remedy and Relief." Shortly thereafter, respondent filed and the Court granted a Motion for Leave to File Amendment to Answer. The Amendment to Answer prays for determination of a deficiency for 1978 in the sum of $300 plus an increased amount of $101.09 self-employment tax under sections 1401 and 1403 [1] and a 5 percent addition to tax for negligence or intentional disregard of rules and regulations under section 6653(a). Petitioner, therefore, has the burden of proof with respect to the amount set forth in the notice of deficiency, and respondent has the burden of proof as to the increased amount of the deficiency and the addition to tax. Rule 142(a), Tax Court Rules of Practice and Procedure.
At the time of trial petitioner *433 challenged the jurisdiction of the Court, asserting that the case could not proceed because no assessment had been made pursuant to section 6203. The whole purpose of this proceeding, of course, is to determine whether or not such assessment should occur. See sections 6211-6215. Petitioner was intransigent and this case might have been dismissed. Rules 123(b) and 149(b), Tax Court Rules of Practice and Procedure. But for respondent's concession in the record as to substantiated business expenses, petitioner could not be allowed any deductions for those expenses. [2]
Respondent's burden of proof has been met: Petitioner admitted during his testimony and in the purported second amended return that income was received by Inez Schaefer from a business operated by her. Petitioner also admitted that he did not disclose that income to his return preparer. He claims that he and Mrs. Schaefer thought her expenses offset the receipts, but that claim does not excuse his failure to report the income and expenses. The position espoused by petitioner in his purported *434 amended returns, i.e., that his wages are not taxable income, and his related argument that he is not liable for income tax have been rejected repeatedly by this and other courts and requires no extensive discussion. See, e.g., Reading v. Commissioner,70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); Lonsdale v. Commissioner,661 F.2d 71 (5th Cir. 1981), affg. a Memorandum Opinion of this Court; United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980) (in which defendant's contention was rejected in affirming his criminal conviction of failure to file timely returns); Funk v. Commissioner,687 F.2d 264 (8th Cir. 1982), affg. a Memorandum Opinion of this Court. [3] We do not know where petitioner received the erroneous advice that set him on this folly. He should be advised, however, that at least one of those persons encouraging the filing of tax returns taking the position that wages are not income has been enjoined from such activity on a finding that he fraudulently misled taxpayers into violating the Internal Revenue Code. United States v. May,555 F. Supp. 1008, 1009 (E.D. Mich. 1983). *435 We will assume that petitioner has been deceived by another. His wage income was correctly reported on his original tax return for 1978, and the tax thereon was paid through withholding; he has not yet, therefore, to our knowledge suffered any monetary penalty as a result of his subsequently acquired erroneous beliefs. We have no information concerning his pattern of compliance for subsequent years, but he is hereby given warning that if he again relies on the frivolous arguments presented to respondent and to the Court with respect to the taxable year 1978, he may not expect to be so fortunate in the future. The range of costs to which he may subject himself include not only the 5 percent addition to tax for negligence under section 6653(a), but also the 50 percent addition to *436 tax for fraud under section 6653(b); additions to tax totaling 25 percent if his purported beliefs result in failure to timely file proper returns; and damages under section 6673 in an amount not in excess of $5,000 if he commences a proceeding in this Court (after December 31, 1982) asserting such a frivolous or groundless position. [4]
Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Neither party brought this information to the attention of the Court; it was discovered during review of the file.↩
3. See also Rice v. Commissioner,T.C. Memo. 1982-129; Rowlee v. Commissioner,T.C. Memo. 1983-353; and Devine v. Commissioner, an unpublished order of the United States Court of Appeals for the Seventh Circuit, dated December 15, 1981, case No. 81-1330, quoted in Devine v. Commissioner,T.C. Memo. 1983-13↩, on appeal (7th Cir., Apr. 7, 1983).
4. Petitioner may also subject himself to criminal sanctions, but those sanctions, of course, are not within the jurisdiction of this Court.↩