DAVID B. STEELE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Steele v. Commissioner
Docket No. 29459-82.
United States Tax Court
T.C. Memo 1984-39; 1984 Tax Ct. Memo LEXIS 631; 47 T.C.M. (CCH) 956; T.C.M. (RIA) 84039; January 24, 1984. David B. Steele, pro se. William H. Quealy, Jr., for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $4,816.54 and an addition to tax under section 6653(a) [1] of $240.82 in petitioner's 1980 Federal income tax. The issues are (1) whether wages *632 received by petitioner in 1980 are taxable, and (2) whether petitioner is liable for an addition to tax for negligence. All of the facts are stipulated and found accordingly. [2]
Petitioner, David B. Steele, resided in Santee, Calif., when the petition was filed herein. In 1980 petitioner was employed as an electrician and received gross wages in the total amount of $23,520.90. On or before April 15, 1981, petitioner filed with respondent a document purporting to be a 1980 Form 1040. Although that document resembles a Form 1040 in general format and appearance, it is materially different than an official Form 1040 in that it contains, among other alterations, a line entry for "non-taxable receipts." [3] On that document, petitioner reported wages of $23,520.90 and then *633 excluded those same wages from his gross income by making an entry of $23,520.90 on the line provided for "non-taxable receipts." Apparently due to the similarities between the document filed by petitioner and the official 1980 Form 1040, respondent processed petitioner's document as a return. [4] In his notice of deficiency, respondent determined that petitioner was taxable on his 1980 wages of $23,520.90 and determined an addition to tax for negligence. *634 The first issue is whether petitioner is taxable on his 1980 wages. Petitioner's arguments on this issue are frivolous and merit no discussion. See Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir., Sept. 13, 1983); United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980). Thus, we sustain respondent's deficiency determination. The second issue is whether petitioner is liable for an addition to tax under section 6653(a). The burden of proof is on petitioner to show that no part of his underpayment was due to negligence. Enoch v. Commissioner,57 T.C. 781 (1972). Since petitioner has failed to present any evidence on this issue, we sustain the addition to tax under section 6653(a). [5]
*635 To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue.↩
2. At the call of the calendar, the parties' cross-motions for summary judgment were denied by the Court and the case was thereafter called for trial. At trial, the parties submitted the case fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure.↩
3. An official 1980 Form 1040 contains an "Adjustments to Income" section consisting of the following entry lines: 23
Moving expense (attach Form 3903 or 3903F)
24
Employee business expenses (attach Form 2106)
25
Payments to an IRA (enter code from page 10   )
26
Payments to a Keogh (H.R. 10) retirement plan
27
Interest penalty on early withdrawal of savings
28
Alimony paid
29
Disability income exclusion (attach Form 2440)
30
Total Adjustments. Add lines 23 through 29
The document submitted by petitioner is virtually identical to an official 1980 Form 1040 except that it replaces the "Adjustments to Income" section with an "Adjustments to Receipts" section and consists of the following entry lines: 23
Non-taxable receipts
24
Title 26, Section 1(a)(b)(c)(d)
25 Brushaber v. Union Pacific R.R., 240 U.S. 1
26 Stanton v. Baltic Mining Co., 240 U.S. 103
27 Eisner v. Macomber, 252 U.S. 189
28 Murdock v. Penn., 319 U.S. 105
29
Penn Mutual Indemnity Co. v. Comm'r, 32 T.C. (1959)
30
Total adjustments. Add lines 23 through 29
Additionally, the phrase "Copyright 1980, Eugene J. May" is printed at the bottom of the document submitted by petitioner. Significantly, Eugene May was recently enjoined from marketing or distributing any "tax" forms which differ from the official Form 1040. See United States v. May,555 F. Supp. 1008↩ (E.D. Mich. 1983). 4. Since respondent has not raised the issue, it is unnecessary for us to decide whether petitioner's document constituted a return for purposes of the addition under sec. 6651(a)(1) for failure to file a return.↩
5. In his answer, respondent requests that maximum damages of $500 be awarded under sec. 6673 because petitioner instituted these proceedings merely for delay. Although we have decided not to impose such damages herein, we note that in cases commenced after December 31, 1982, the Court may impose damages up to $5,000 for proceedings instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in such proceedings is frivolous or groundless. See sec. 292(b), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574.↩