MINOR C. PHILLIPS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Phillips v. Commissioner
Docket No. 21752-82.
United States Tax Court
T.C. Memo 1984-110; 1984 Tax Ct. Memo LEXIS 563; 47 T.C.M. (CCH) 1223; T.C.M. (RIA) 84110; March 6, 1984. Minor C. Phillips, pro se. Lottie Cohen, for the respondent. *564 DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456 of the Code [1] and Pules 180 and 181 of the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This matter is before the Court on respondent's oral motion to dismiss for failure to prosecute properly and for failure to produce proof. Respondent determined that there were deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Income Tax § 6651(a) § 6653(a) § 6654(a)
1978
$5,197.82
$7,299.45
$259.89
$166.33
1979
6,300.66
1,575.16
315.03
264.62
1980
8,303.44
2,075.86
415.17
531.42
The deficiency notice was based upon unreported income in the amounts of $23,339, $26,894 and $31,776 for the years 1978, 1979 and 1980, respectively. The computation of tax for each year was based upon the filing status *565 of a single taxpayer, one personal exemption and no allowance for dependents or for excess itemized deductions. Petitioner timely filed a petition with this Court in which he alleged that his residence was West Covina, California. In addition, petitioner made tax-protestor type allegations in his petition that he was not required to file an income tax return or pay an income tax for 1978, 1979 or 1980, that he did not volunteer to self-assess himself for taxes, that he was not in receipt of gain or profit, that he enjoyed no grant of privilege or franchise and that he received nothing of a known tangible value. The Court takes judicial notice of the fact that petitioner is one of a large group of persons in the southern California area who have filed petitions and other papers with this Court of a substantially identical nature. [2]
*566 This Court at the calendar call repeatedly asked petitioner if he was prepared to try his case based upon evidence about his income, his deductions and his credits. Petitioner refused to advise the Court (despite repeated urgings of the Court to do so) that he would present such information at a trial in the matter herein. He chose, instead to argue that the wages which he admitted receiving did not constitute income to him and to complain that he had been denied a jury trial. Thereupon he was informed that a decision would be entered against him and in favor of the respondent based upon his failure to prosecute properly and his failure to produce evidence. This matter might well have been dismissed upon a motion by respondent to dismiss for failure to state a claim upon which relief can be afforded. The petition herein alleges no factual or legal questions which would require a trial. It is completely without merit. [3] Respondent, however, chose to have available in the courtroom persons who would go over any evidence of income, deductions and credits which petitioner and others similarly situated might with to present. Unfortunately, petitioner, as well as most of the *567 other petitioners in this calender call chose not to take advantage of this opportunity which respondent afforded them. Thus, petitioner might well have been able to reduce the tax liability shown on the deficiency notice had he been willing to provide information about dependents, itemized deductions or credits against his tax liability. The Court took care to ascertain that petitioner understood the implications of his refusal to produce evidence, so that if the deficiencies in taxes are greater than would be his liability if he had filed returns, as required by law, he has himself to blame. To quote from an earlier opinion of this Court, he has engaged in a "folly" which will be costly to him. Schaefer v. Commissioner,T.C. Memo. 1983-361. Retitioner bore the burden of proving that respondent's determination of a deficiency was incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure.
It seems incredible that any reasonably intelligent person could honestly believe that wages do not *568 constitute income. Suffice it to say that section 61 defines income to include "Compensation for services." It would ill-serve the administration of justice to once again embark upon an exhaustive analysis of the many cases which hold in an unbroken line that compensation for services is one of the elements of gross income. See, e.g., Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir., Sept. 13, 1983). [4] Our time must be expended upon petitioners who have serious controversies before this Court. Petitioner has chosen not to produce evidence and not to prosecute this matter properly. Accordingly, his petition will be dismissed, Rules 149(b), 123(b), Tax Court Rules of Practice and Procedure, and a decision will be entered in favor of respondent. Petitioner is admonished that for petitions filed *569 herein subsequent to December 31, 1982, section 6673 gives this Court discretion to impose damages up to $5,000 where a position is groundless, frivolous or a petition filed or maintained primarily for delay. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See, e.g., Ross v. Commissioner,T.C. Memo. 1983-624; Langseth v. Commissioner,T.C. Memo. 1983-576., Urban v. Commissioner,T.C. Memo. 1984-85; Dragoun v. Commissioner,T.C. Memo. 1984-94; Gabaldon v. Commissioner,T.C. Memo. 1984-107; Kallsen v. Commissioner,T.C. Memo. 1984-108; Hodge v. Commissioner,T.C. Memo. 1984-109↩.
3. See Rowlee v. Commissioner,80 T.C. 1111↩ (1983), on appeal (2d Cir., Sept. 13, 1983).
4. Petitioner should be advised that at least one person encouraging the filing of tax returns taking the position that wages are not income has been enjoined from such activity in a finding that he fraudulently misled taxpayers into violating the Internal Revenue Code. United States v. May,555 F. Supp. 1008, 1009↩ (E.D. Mich. 1983).