**AMERICAN SAMOA GOVERNMENT,**

**v.**

**ABE SAMANA.**

High Court of American Samoa
Trial Division

CR No. 26-97

May 7, 1997

Before RICHMOND, Associate Justice, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, John W. Cassell, Assistant Attorney General
 For Defendant, David P. Vargas, Assistant Public Defender

On April 10, 1997, Defendant Abe Samana ("Samana") was arrested on a warrant issued by the District Court on charges of production of a controlled substance, possession of a controlled substance, and assault in the first degree. The District Court ordered that Samana be held without bail pursuant to Article I, Section 6 of the Revised Constitution of American Samoa. The District Court reaffirmed its decision at Samana's initial appearance on April 11, 1997, when Samana moved to continue the preliminary examination on April 14, 1997, and at the preliminary examination on April 16, 1997. The case was transferred to this court, and on May 2, 1997, this court heard Samana's renewed claim for release on reasonable bail.

## Discussion

The Revised Constitution of American Samoa provides that

> . . . All persons shall be bailable by sufficient sureties except where the judicial authorities shall determine that the presumption is great that an infamous crime, which term shall include murder and rape, has been committed and that the granting of bail would constitute a danger to the community. . . .

Art. I, § 6. Thus, under the Samoan Constitution, Samana is entitled to release on reasonable bail unless (1) possession of a controlled substance, production of a controlled substance, or assault in the first degree is an "infamous crime"; (2) the presumption that Samana committed these crimes is great; and (3) Samana's release on bail poses a danger to the community.

*1. Infamous Crimes.*

 Samana argues that the Revised Constitution's language expressly limits the category of "infamous crimes" to murders and rapes. We disagree. While the Revised Constitution indicates that the term "infamous crime . . . shall include murder and rape," the Revised Constitution does not state that infamous crime includes *only* the crimes of murder and rape and

excludes all other crimes.[1] A plain reading of the constitutional provision suggests that murder and rape are merely examples of the much larger category of "infamous crimes."

■ The drafters of the Revised Constitution likely borrowed the term "infamous crime" from the Fifth Amendment of the United States Constitution, which requires an indictment to hold a person "to answer for a capital, or otherwise infamous crime." U.S. CONST. Am. V. We hold that because of the close nexus between the United States and American Samoa Constitutions, the federal definition of "infamous crime" is the intended definition of "infamous crime" in Art. I, § 6 of the Revised Constitution.

■ In the federal system, the nature of the crime or the nature of the potential punishment can serve to make a crime "infamous." *United States v. Armored Transport, Inc.*, 629 F.2d 1313, 1318 (9th Cir. 1980) *cert. denied*, 450 U.S. 965 (1980). More specifically, the federal courts have stated that the class of "infamous crimes" includes, among other things, those crimes for which one may be imprisoned for more than one year. *Barkman v. Sanford*, 162 F.2d 592, 592-93 (5th Cir. 1947), *cert. denied*, 332 U.S. 816 (1947); *United States v. Driscoll*, 612 F.2d 1155, 1156 (9th Cir. 1980).

■ First degree assault is a Class B felony punishable by a term of imprisonment not less than 5 years and not exceeding 15 years. A.S.C.A. §§ 46.2301(2), 46.3520(b). First-time possession of a controlled substance is a class D felony punishable by a term of imprisonment up to 5 years. A.S.C.A. §§ 46.2301(4), 13.1023. First-time production of a controlled substance is punishable by a term of imprisonment up to 20 years. A.S.C.A. §§ 13.1020. Thus, first degree assault, possession of a controlled substance, and production of a controlled substance are "infamous" crimes, which, like murder and rape, may not be bailable under Art. I, § 6 of the Revised Constitution if (a) the presumption is great that Samana committed these infamous crimes and (b) releasing Samana on bail constitutes a danger to the community.

*2. The strength of the presumption of guilt.*

Sufficient evidence was presented at the preliminary hearing in support of its charges against Samana. Samana does not dispute this evidence in his

---

[1] We believe that if the drafters of this constitutional provision had intended to limit the category of non-bailable offenses to murder and rape, they would have included language such as, ". . . except where the judicial authorities shall determine that the presumption is great that murder or rape has been committed . . . ." instead of adopting the term "infamous crime" from the Anglo-American legal tradition.

motion to set bail. Therefore, for purposes of this motion, we determine that the presumption is great that Samana committed the three infamous crimes charged against him.

*3. Danger to the community.*

■ Samana would like us to deny bail only if there is "clear and convincing evidence" indicating that Samana is a threat to society. The Revised Constitution only requires the court to "determine" whether Samana constitutes a danger to the community. Nothing is said about heightened burdens of proof. However, assuming, without deciding, that we must find manifest evidence that Samana poses a danger to the people of American Samoa, we have no trouble finding that there is, indeed, clear and convincing evidence that Samana will be a danger in society if released on bail.

Evidence presented at the preliminary hearing shows that the defendant fired a handgun at police officers, and concealed that weapon prior to arrest. Based on this evidence, we are convinced that Samana has access to a gun and is willing to use violent force to evade lawful court orders. We have no crystal ball to foresee what will happen. But we are sufficiently concerned about what might happen that we feel compelled to hold Samana without bail pending his trial on the merits.

## Conclusion

Accordingly, Samana's motion to set reasonable bail is denied.

It is so Ordered.