DELBERT J. WELLER and ROBINA D. WELLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weller v. Commissioner
Docket No. 17042-83.
United States Tax Court
T.C. Memo 1985-387; 1985 Tax Ct. Memo LEXIS 240; 50 T.C.M. (CCH) 596; T.C.M. (RIA) 85387; August 5, 1985. Delbert J. Weller, pro se. C. Ellen Pilsecker, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined the following deficiencies and additions to tax: Additions to Tax, I.R.C. 1954
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
1979
$1,952
$98
1980
2,098
$213
105
1981
3,131
362
157
Petitioners have presented no evidence contrary to the facts upon which the Commissioner based the deficiencies and additions to tax, but have made various arguments attacking the constitutionality of the income tax, the idea that compensation for services is income subject to tax, and their status as "taxpayers". The issue for decision are (1) whether petitioners are *242 liable for Federal income tax as determined by the Commissioner; (2) whether petitioners are liable for additions to tax pursuant to section 6651(a)(1), I.R.C. 1954, for 1980 and 1981; (3) whether petitioners are liable for additions to tax pursuant to section 6653(a), I.R.C. 1954, for 1979, 1980 and 1981; and (4) whether petitioners are liable for damages pursuant to section 6673, I.R.C. 1954. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners, husband and wife, resided in Cherryfield, Maine, when they filed their petition herein. The husband, hereinafter sometimes referred to as petitioner, appeared pro se on behalf of both of them. Petitioners have filed standard Forms 1040 for approximately 30 years for tax years up to 1979. The originally filed a standard unaltered Form 1040 for 1979. On this form, they reported "Wages, salaries, tips, etc." totaling $17,428.22, "State and local income tax refunds" in the amount of $92.47, "Other income", described as "World Mgmt. - 1099", in the amount of $4,031.19, *243 and "Employee business expenses" in the amount of $7,217.27. They thus reported "Total income" of $21,551.88 and "Adjusted gross income" of $14,334.61. They claimed an "Investment credit" in the amount of $59.67 and computed a "Total" tax of $1,207.86, which they apparently paid. Two Forms W-2, Wage and Tax Statement, attached to petitioners' 1979 income tax return, showed "Wages, tips, other compensation" in the amounts of $852.80 and $7,364.18. A Form W-2P, Statement for Recipients of Periodic Annuities, Pensions, Retired Pay, or IRA Payments, also attached to the return, showed a "Taxable amount" of $9,211.24. The total of the three amounts is $17,428.22, the amount petitioners reported as "Wages, Salaries, tips, etc." After filing the foregoing Form 1040 for 1979, petitioners filed an altered Form 1040X, Amended U.S. Individual Income Tax Return, for that year. On this altered form petitioner reported the following: "Receipts, Adjustments,
As
Net Change--
Deductions and Taxable
Originally
Increase or
Correct
Income"
Reported
(Decrease)
Amount
"Total receipts"
21,551.88
$1,317.01 $22,868.89
"Adjustments to
receipts"
7,217.27
15,651.60 22,868.89
"Adjusted gross
income"
14,334.61
(14,334.61)
"Taxable income"
14,334.61
(14,334.61)
*244 Petitioners offered the following explanation for the requested adjustments: 1. The original 1040 Form which was filed by me, designed, printed and published or licensed by IRS with the apparent intent that I should rely upon the information printed thereon, lists on line 8 "Wages, salaries, tips["] and other employee compensation in such close proximity to the printed word "INCOME" that I was misled into believing that the items printed on line 8 were in fact and in law INCOME items which should be included in Adjusted Gross Income. (Res ipsa loquitur). 2. This 1040 X has been prepared and filed for the purpose of correcting my original return wherein I was, because of misconception, confusion and lack of legal learning, induced to declare erroneously as taxable income SOURCE items FROM which a taxable income is DERIVED and to assess myself a tax on items which are not in fact and in law taxable and to my pecuniary detriment. (See Title 268 USC, Sec. 61). 3. FURTHER, the legal intent of paragraph #1 is for the purpose of raising the question of administrative fraud by design and in violation of Title 26, Section 7214, (a), (1), (2), and (3). *245 "The general term 'income' is not defined in the Internal Revenue Code." U.S. v. Ballard,535 F.2d 400 (1976)
The form did not identify the source of the reported $1,317.01 increase in "receipts". Petitioners filed altered Forms 1040 for their 1980 and 1981 taxable years. These forms, which were preprinted, appeared on casual observation to be identical to those furnished by the IRS. The alterations included the substitution of the word "Receipts" for the word "Income" as the caption describing that section of the returns where taxpayers are required to report their various items of income, and the substitution of the phrase "Adjustments to Receipts" for the phrase "Adjustments to Income" as the caption for that portion of the returns where taxpayers may report certain items which reduce income. The altered Forms 1040 were further modified by replacing the word "income" with the word "gain" in a number of places in the renamed "Receipts" section, and by substituting "Non-taxable receipts" and "( Eisner v. Macomber, 252 U.S. 189)" for "Employee business expenses" and "Payments to an IRA", respectively, in the renamed "Adjustments to Receipts" *246 section. The first page of the altered forms had the statement "Copyright 1980, Eugene J. May" printed inconspicuously at the bottom. On the second or back page of the form, the printed words "Signed involuntarily, under threat of statutory punishment" were added to the jurat. The altered Forms 1040 showed the following amounts: 1980
1981
"Wages, salaries, tips, etc."
$9,569.13
$13,327.61
"Fully taxable pensions and
annuities"
10,432.40
11,461.60
"Total receipts"
20,001.53
24,789.21
"Non-taxable receipts"
20,001.53
24,789.21
"Adjusted gross income"
"Total" tax
Statements attached to the altered Forms 1040 reported the following amounts: Amount
FORM
CLASSIFICATION
1980
1981
W-2, Wage & Tax Statements
"Wages, tips,
$9,101.13
$13,165.42
(2 statements in 1980;
other compensa-
4 in 1981)
tion"
W-2P, Annuities, Pensions,
"Taxable amount"
10,432.40
11,461.60
Retired Pay, or IRA
Payments
1099-NEC, Nonemployee
"Fees, commissions,
468.00
162.19
Compensation
and Other Compensa-
tion"
These attached statements appear to have been properly prepared and there is no reason *247 to doubt their accuracy. In the part of the deficiency notice pertaining to petitioners' 1979 taxable year, the Commissioner disallowed petitioners' claimed $7,217 employee business expense, "because you have not established that the expense constitutes an ordinary and necessary business expense", and their claimed investment tax credit. He also determined that petitioners realized additional self-employment income in the amount of $1,316, the amount of increase, rounded to the nearest dollar, in "Total receipts" shown on the altered Form 1040X, [1] and interest income in the amount of $60. He thus determined an increase in petitioners' tax in the amount of $1,952 which increase consisted in part of an increase in their liability for self-employment tax. He further determined an addition to tax for negligence under section 6653(a). In that part of the deficiency notice pertaining to petitioners' *248 1980 and 1981 taxable years, the Commissioner disallowed their claimed deduction for nontaxable receipts because they had not "established that the claimed deduction is excludable from income". He accordingly determined increases in Federal income tax in the amounts of $2,098 in 1980 and $3,131 in 1981. The 1980 deficiency in tax included an amount for self-employment tax. The Commissioner further determined additions to tax for each of these two years for negligence, under section 6653(a), and failure to file a return, under section 6651(a)(1). The petition in this case was filed on June 27, 1983. It contains 129 assignments of error and 137 allegations of supporting fact, most, if not all, of the frivolous tax protester variety. Thereafter, on October 27, 1983, counsel for the Commissioner sent petitioners a letter informing them that their petition failed to set forth clear and concise statements of facts as required by this Court's Rules, and that their apparent claims that "compensation received in exchange for labor is not taxable income, or that the income tax is otherwise unconstitutional" had been repeatedly rejected by courts. The letter also informed petitioners *249 that "[w]e are considering" asking the Court to impose damages under section 6673. In a letter dated January 4, 1984, in which counsel for the Commissioner answered petitioners' informal interrogatories, petitioners were reminded that it was their burden to show the Court "why the Commissioner * * * was wrong in his determinations". In a return letter, petitioner Delbert Weller stated that he understood the burden of proof requirements. In letters dated February 23, 1984, and July 13, 1984, counsel for the Commissioner again reminded petitioners of the award for damages not in excess of $5,000 which can be made against them under section 6673. The earlier letter also enclosed copies of two recent Tax Court orders and decisions imposing $5,000 damages against taxpayers whose positions were stated to be "similar to those maintained by you in the instant case". OPINION 1. Deficiency determination:Petitioners were aware that they bore the burden of showing the Commissioner's determinations to be incorrect. Rule 142(a), Tax Court Rules of Practice and Procedure. See also *250 Welch v. Helvering,290 U.S. 111, 115 (1933). However, they did not undertake to show any error in respondent's determinations, nor did they offer any facts contrary to those upon which the determinations were based. Instead, petitioner took the witness stand and read from a short prepared statement, in which he recited the same litany that the Court has heard in other cases to the effect that petitioners are "natural and private individuals"; that they have "never knowingly requested, [or] received * * * any privilege granted by any agency and are not receiving rights or benefits from the government"; that they contract to sell their properties including "properties in our labor"; that their labor was acquired as a gift "from our Creater"; that the cost basis in this property is unknown and indeterminable; that a substitute basis in such property should be determined as equal to what petitioners received from the sale thereof (i.e., their wages, or compensation for their labor). On brief petitioners presented in addition various other tax protester arguments. Similar legal garbage has been presented to this Court in other tax protester cases, uniformly resulting *251 in decisions against the protesters. The matter does not deserve any further comment or consideration here. The Commissioner's determinations of deficiencies in income tax are sustained. 2. Section 6651 addition to tax.Section 6651(a)(1) provides for an addition to tax when a taxpayer fails to "file any return required under authority of subchapter A of chapter 61 (other than part III thereof) [sections 6001 through 6096, other than 6031 through 6057, I.R.C. 1954] * * * unless it is shown that such failure is due to reasonable cause and not due to willful neglect". Petitioners were required to sign under penalties of perjury and to file Federal income tax returns for their 1980 and 1981 taxable years. Sections 6012(a)(1), 6061, and 6065, I.R.C. 1954. They filed no such returns. The altered documents they did file did not constitute the required returns. Beard v. Commissioner,82 T.C. 766, 779 (1984); [2]Vaira v. Commissioner,52 T.C. 986, 1005 (1969), revd. on another issue 444 F. 2d 770 (3d Cir. 1971). Because petitioners have not shown that their failure to file was "due to reasonable cause and not due to willful neglect", *252 the section 6651(a) additions to tax must be sustained. Neubecker v. Commissioner,65 T.C. 577, 586 (1975). 3. Section 6653 additions to tax.Section 6653(a)(1) provides for a 5 percent addition to tax in respect of an underpayment of tax when such underpayment *253 is "due to negligence or intentional disregard of rules and regulations". This record clearly shows that petitioners' underpayment was "due" at least to "intentional disregard of rules and regulations". Se Billman v. Commissioner,83 T.C. 534, 541 (1984). Their extensive memorandum of law evidences their familiarity with tax law and the "rules and regulations" which unquestionably reject their position. Beard v. Commissioner,supra,82 T.C. at 780. The only acceptable conclusion is that they intended to "disregard" these "rules and regulations". In any event, they have not undertaken to show any error in the Commissioner's determination of the additions. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Enoch v. Commissioner,57 T.C. 781, 802 (1972). Accordingly, we sustain the Commissioner's determination of section 6653(a) additions to to tax. 4. Section 6673 damages.Section 6673 provides that damages not in excess of $5,000 may be awarded to the United States "[w]henever it appears * * * that the taxpayer's position in * * * [a] proceeding * * * is frivolous or groundless" or that the taxpayer *254 instituted or maintained the proceeding "primarily for delay". It is clear that petitioners' position is both frivolous and groundless. Their meritless arguments have been repeatedly rejected. It is also clear on this record that this proceeding was "instituted" and "maintained" solely "for delay". Damages in the amount of $5,000 will be awarded to the United States. Decision will be entered for the respondent.
Footnotes
1. The amount actually shown on the altered Form 1040X was $1,317.01. The $1.01 discrepancy in petitioners' favor was apparently due to "rounding error". The deficiency notice shows that the payors of the amount were "United Presidential Life" ($1,159) and "Roger Kramer" ($157).↩
2. Petitioners herein, like the taxpayer in Beard, used a form which limitated the official Form 1040 and which was copyrighted by someone named Eugene J. May. Such spurious "Eugene J. May" Forms 1040 have become a familiar phenomenon in other tax protester cases in this Court. See, e.g., Unroe v. Commissioner,T.C. Memo. 1985-149, 49 TCM 1084, 54 P-H Memo T.C. par. 85,149 (1985); Franklin v. Commissioner,T.C. Memo. 1985-140, 49 TCM 1035, 54 P-H Memo par. 85,140 (1985); Mighell v. Commissioner,T.C. Memo. 1985-135, 49 TCM 1017, 54 P-H Memo T.C. par. 85,135 (1985). We note that A Federal district court has acted favorably upon a request by the Government that Mr. May be enjoined from "distributing forms * * * which differ in any respect from the official Form 1040". United States v. May,555 F. Supp. 1008↩ (E.D. Mich. 1983).