ROBERT A. WEEKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weeks v. Commissioner
Docket No. 19140-85.
United States Tax Court
T.C. Memo 1987-198; 1987 Tax Ct. Memo LEXIS 188; 53 T.C.M. (CCH) 609; T.C.M. (RIA) 87198; April 13, 1987. Robert A. Weeks, pro se. Mary P. Hamilton, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined deficiencies in tax and additions to tax as follows: Additions to Tax, I.R.C. 1954 - Sections
Year
Deficiency
6651(a)
6654(a)
6653(a)(1)
6653(a)(2)
1980
$5,975.77
$1,493.94
$380.00
$298.79
1981
6,831.25
1,707.81
521.00
341.56 50% of the interest
due on $6,831.25
1982
10,060.67
2,515.16
981.00
503.03 50% of the interest
due on $10,060.67
1983
10,212.18
2,553.05
624.00
510.61 50% of the interest
due on $10,212.18
The parties have filed a stipulation of facts, which together with accompanying exhibits, is incorporated herein by reference. *189 For convenience, our findings and opinion are combined. Petitioner resided in Barre, Vermont, at the time the petition in this case was filed. During the years at issue, 1980 through 1983, petitioner was a self-employed insurance salesman conducting business in Barre, Vermont. He sold automobile, home, and life insurance policies issued by Nationwide Insurance Company and its affiliates ("Nationwide"). During the years involved herein petitioner received "nonemployee compensation" from Nationwide in the following amounts: 1980
$23,505.79
1981
23,758.29
1982
28,856.62
1983
30,422.86
Petitioner did not file income tax returns for 1980, 1981, 1982, or 1983, nor did he pay any income tax on the income he earned in those years. In his notice of deficiency, the Commissioner determined that petitioner "realized income" in the above listed amounts. As deductions against that income the Commissioner allowed the following amounts of "business expenses": 1980
5,558.00
1981
4,476.00
1982
2,411.00
1983
2,128.00
At trial, the Commissioner conceded the allowability of further deductions attributable to payments made by petitioner on "lease *190 contracts" for a typewriter and a photocopier. Petitioner claimed such deductions for the first time at the trial. Although they need not have been considered at all since they had never previously been in issue, the Government nevertheless agreed to allow them in full as claimed, upon being satisfied that the amounts had actually been expended for the stated purpose. The amounts so allowed were $1,188 for the typewriter and $1,224 for the copier, a total of $2,412, which has been allocated as follows to the years at issue in accordance with the times that the payments were made: 1980
$165.00
1981
612.00
1982
900.00
1983
735.00
The Commissioner also allowed petitioner a personal exemption of $1,000.00 in each of the years 1981 through 1983. In his petition to this Court petitioner challenges the determinations made in the notice of deficiency on the basis of numerous tax protestor arguments. He stated that he was filing the petition by "SPECIAL APPEARANCE and only because of DURESS". Annexed to the petition were some 22 claims of error, the very first one of which charged that the IRS violated petitioner's rights under the First, Fourth, Fifth, Seventh, *191 Ninth, Tenth, and Thirteenth Amendments. The remaining 21 claims of error related largely to equally wild and irresponsible charges that are familiar in tax protester cases. These "points" were also made to a considerable extent in petitioner's motion to dismiss, which had been denied prior to trial, and in his memorandum of law filed at trial. Such arguments have been considered and rejected by this Court and various courts of appeal on countless occasions. Notwithstanding their purported appeal to lofty principles, they have been thoroughly discredited as frivolous and do not deserve any further consideration. On brief petitioner attempted to raise an entirely new issue, claiming to be "an ordained minister under a Vow of Poverty." Apart from the fact that this issue is not properly before us, the record contains no evidence whatever to show that he was such a minister or that he earned his income on behalf of a church in fulfillment of an obligation of that church. See Schuster v. Commissioner,84 T.C. 764 (1985), affd. 800 F. 2d 672 (7th Cir. 1986). We hold that petitioner cannot avoid tax on his 1980 through 1983 income on the basis of any *192 of the arguments he has urged upon the Court. In addition, we hold that petitioner has not met his burden with respect to any of the additions to tax. It is stipulated that he did not file returns for the years at issue. There is no evidence of any withholding or other payment of his income tax for any of the years. Moreover, petitioner made no satisfying showing that would indicate an absence of negligence or disregard of rules or regulations. Finally, we award damages to the United States in the amount of $5,000 pursuant to section 6673, IRC 1954. Over two months before trial, the Internal Revenue Service provided petitioner with the names of cases in which the Court rejected constitutional arguments of the sort made by petitioner here as frivolous. He has nevertheless persisted in pressing such frivolous contentions upon us. His continued and dogged maintenance of these proceedings, strewing before us arguments of the type that have previously been characterized as "legal garbage" ( Weller v. Commisioner,T.C. Memo. 1985-387, 50 T.C.M. 596, 597, 54 P-H Memo T.C. par. 85,387) has resulted in a waste of this Court's time and resources and an abuse of its *193 processes. To take into account the concession made by the Government, Decision will be entered under Rule 155.